Lipscomb, J.
The word “property” used in the statute imposing taxes is certainty comprehensive enough to embrace corn and cotton; and were the question to be decided on the import of that term in the abstract, it would be destructive of the defense set up. But such construction of the term “property,” when taken in connection with the Constitution and law imposing taxes for the purpose of raising a revenue, would be so unequal, unjust, anil oppressive to the planting interest of the State that it cannot be supposed that such was the meaning of the law. A single view of the subject will fully show that it was not. The planter’s slave is assessed at his full value as a slave for life. How, it would be difficult to conceive of any intrinsic value in the slave. He is only valuable as possessing a capacity for usefulness. He is capable of producing corn and cotton when employed'by the planter. How, if the slave has been taxed in proportion to his value, and the corn and cotton produced by him again taxed, it is, in effect, levying another tax on the slave. Under the tax law the slave ¡¿assessed annually at his full valuation, what it is supposed he would sell for. And so are the mules or teams. If the products are to be taxed, it surely could not be required that the slaves and teams should be assessed at a higher valuation than for one year’s use. A tax is imposed on money at interest, and yet the interest so accruing is not taxed until it is let out to interest. IE the corn and cotton should be exchanged for other property, that property would be subject to taxation. So the interest accruing on money loaned; if that interest is invested in a loan, it becomes subject to taxation. It would seem that the law did not intend to embrace such property, because it had already been taxed. If it had been sold before the 1st da.y of January following the year it was made, the corn and cotton would not have been subject to taxation, nor the proceeds, if in money, and not at interest. To tax it, then, would look very much like imposing a penalty for not getting it to market before the 1st day of January. I am satisfied that it was not intended to tax such products, and that the law, when taken altogether, does not include them as taxable.
This being a question of revenue, the proper source was applied to to ascertain what had been the general construction given to the law as to such property, and it seems that no special instruction's have been given to the assessors and collectors in relation to it; that on two occasions the comptroller had been asked for information by assessors and collectors whether such property should be taxed, and that he answered in the affirmative under the advice of counsel; that it has not been general to include it as taxable property; that it has only been done in a few counties; that the last revenue law expressly excepts it from taxation. I believe there is no error in the judgment of the court beiow, .and that it ought to be affirmed.
Judgment affirmed.