## LE GIERSE & CO. v. ELLEN B. MOORE ET AL.

(Case No. 4811.)

1. LIABILITY OF WIFE'S SEPARATE PROPERTY FOR COMMUNITY DEBTS.— The failure of the wife to file and have recorded a schedule of her separate property prior to the levy of an execution thereon issued on a judgment against the husband, will not render it liable, though the judgment creditor may have had no notice of her rights prior to the levy.

2. SEPARATE PROPERTY.— Though the statute provides that a married woman shall file and have recorded a schedule of her separate property acquired after marriage, it does not provide that such property shall be liable to seizure and sale for the husband's debts, if she should fail to do so. R. S., 4344–4349.

APPEAL from Taylor. ·Tried below before the Hon. T. B. Wheeler.

Suit for the trial of the right of property in seven hundred and sixty-eight head of sheep. Appellants recovered a judgment in the district court of Galveston county against R. M. Moore, the husband of the claimant, for the sum of $1,258.

Execution issued, and on the 17th of July, 1882, was levied on the property in controversy in the possession of R. M. Moore, the defendant in execution and the husband of the claimant.

The appellee, Mrs. Moore, wife of the defendant in execution, presented to the sheriff her affidavit and bond for the trial of the right of property under the statute.

The issues, as made up under the direction of the court, were whether the property levied on was the community property of R. M. Moore and his wife, and therefore subject to levy and sale under the execution, or was it the separate property of the wife, and not liable for the husband's debts; and if it was the separate property of the wife, did the appellants have such notice of her claim as would preclude them from seeking to subject it to the payment of their debt. The court held the burden of proof to be on the claimant. Judgment for the claimant for the sheep and costs of suit.

The court found that the sheep in controversy were bought during the marriage of E. B. Moore and her husband, R. M. Moore, by R. M. Moore for his wife, E. B. Moore, and paid for with money belonging to E. B. Moore, which was her separate property, being collected from the Knights of Honor, under a life-policy on the life of her brother, deceased, made payable by him to her and for her benefit.

The witness R. M. Moore, defendant in execution and husband of the claimant, was the only witness as to the purchase, the claimant herself not appearing as a witness. He testified that he bought one thousand three hundred and seventy-five head of mutton sheep for his wife, the latter part of June or 1st of July, 1882; that they were paid for by her draft drawn by her on Tidball, Van Zandt & Co., of Fort Worth, in the sum of $2,000; that the seven hundred and sixty-eight head of sheep levied on were included in the lot of one thousand three hundred and seventy-five head, for which he paid $2.25 per head, and out of which he shipped about six hundred head to St. Louis. By subtracting seven hundred and sixty-eight head, the number levied on, from one thousand three hundred and seventy-five head, the whole number purchased, there were left six hundred and seven head, about the number he shipped to St. Louis.

*Chas. I. Evans*, for appellant, cited Cooke *v.* Bremond, 27 Tex., 457; Kirk *v.* H. D. Nav. Co., 49 Tex., 213; Wallace *v.* Campbell, 54 Tex., 87; Rev. Civ. Stats., arts. 4331, 4334; McDuffie *v.* Greenway, 24 Tex., 625; Peiser *v.* Peticolas, 50 Tex., 645: 2 Hilliard on Mortg., 469, sec. 3; Wade on Notice, secs. 332, 334.

STAYTON, ASSOCIATE JUSTICE.— The finding of the court that the seven hundred and sixty-eight head of sheep levied upon were the separate property of Mrs. Moore is sustained by the evidence. The only witness who testified upon this point stated unqualifiedly that they were paid for with money received by her upon a policy of insurance upon the life of her deceased brother, which was made payable to her.

If the appellants desired to controvert this evidence by proof that the particular sheep in question were not identified and paid for with the separate means of the wife, but were a part of a larger flock, all of which was paid for by community funds as well as her separate means, and that therefore the community had an interest in each particular sheep in the larger flock, that fact should have been shown by a cross-examination of the husband, who was the only witness in

reference to the purchase and payment, or it should have been shown in some other manner. It would then become necessary to determine the right of the wife under such a state of facts. The evidence made a *prima facie* case for Mrs. Moore, upon which, if not destroyed by other evidence, she was entitled to a finding in her favor.

It is claimed that if in fact the sheep were her separate property, her failure to file and have recorded a schedule of her separate property prior to the levy of the appellants' execution, makes the property subject to execution, in the absence of notice to the appellants, prior to their levy, of her separate right.

We are of the opinion that this view cannot be maintained. It is true that the statute does provide that a married woman shall file and have recorded a schedule of her separate property acquired after marriage, and that it declares that such registration shall be conclusive as against all subsequent creditors of and purchasers from her husband. R. S., 4344–4349.

The statute, however, does not provide that the wife's failure to make such registration will invalidate her right, or have the effect of making her separate estate liable to seizure and sale by a creditor for the debt of the husband. Edrington *v.* Mayfield, 5 Tex., 367.

The statute provides that where a woman, by marriage contract, reserves to herself any property, such contract, to be valid as to subsequent purchasers or creditors from the husband, must be registered. R. S., 4343.

The statutes also provide that "all bargains, sales and other conveyances whatever of any lands, tenements and hereditaments, whether they be made for passing any estate of freehold or inheritance, or for a term of years; and deeds of settlement upon marriage, whether land, money or other personal thing, and all deeds of trust and mortgages whatsoever, which shall hereafter be made and executed, shall be void as to all creditors and subsequent purchasers for valuable consideration, without notice, unless they shall be acknowledged or proved and filed with the clerk to be recorded as required by law."

If the legislature had intended to attach the same consequences to the failure of the wife to register a schedule of separate property acquired by her after marriage, or owned by her prior to marriage otherwise than through a marriage contract, it could easily have said so.

Not having so declared, and considering the relation between the husband and wife, the subordination of the wife to the husband, we are of the opinion that the legislature never intended to attach such

consequences to failure of the wife to register a schedule of her sep-
arate property. Parks *v.* Willard, 1 Tex., 352; Edrington *v.* May-
field, 5 Tex., 365.

There being no error in the judgment, it is affirmed.

AFFIRMED.

[Opinion delivered May 22, 1883.]