R. L. RAILEY ET AL. v. JOHN HOPKINS.

Decided November 2, 1910.

</div>

**1.—Tort—Measure of Damage.**

In an action for tort, even if no improper motive is attributed to the defendant, the injured party is entitled to recover such damages as will compensate him for the injury received, so far as it might reasonably have been expected to follow

from the circumstances; such as, according to common experience and the usual course of events, might have been reasonably anticipated.

### 2.—Exempt Property—Seizure and Sale—Measure of Damage.

For the seizure and sale of exempt property by an officer under execution, the owner may, in addition to the property or its value, recover interests thereon from the time of the wrongful taking to the trial; or, instead of interest, he may recover the value of the use of the property for the same period.

### 3.—Same.

Evidence considered, and held sufficient to support a verdict for $635 for the loss of the use of a pair of horses exempt from forced sale, for four years and five months, by reason of the seizure thereof under execution.

Appeal from the County Court of Harris County. Tried below before Hon. A. E. Amerman.

*Meek & Highsmith* and *Heidingsfelder & Heidingsfelder,* for appellants.—On the measure of damage: Hudson v. Wilkinson, 45 Texas, 444; Craddock v. Goodwin, 54 Texas, 579; Hull v. Davidson, 25 S. W., 1047; Railey v. Hopkins, 110 S. W., 779.

*Thompson & Switzer,* for appellee.

NEILL, ASSOCIATE JUSTICE.—The nature of this case is fully stated in an opinion of the Court of Civil Appeals at Galveston on a prior appeal, which is reported in 50 Texas Civ. App., 600 (110 S. W., 779), and need not be repeated here.

The judgment now appealed from, was entered on a verdict in favor of the plaintiff, appellee, which assessed the value of the horses levied upon and sold by the constable at $240; and the value of their use, from the date of the levy to the time of trial, at $635, less $98.96, the amount of the judgment upon which the execution was issued.

The proposition advanced under the first and second assignments of error, which complain of permitting recovery of damages for value of the use of the animals from the date of the levy to the time of the trial and that such part of the verdict is, for that reason, excessive, is as follows:

"When property is taken by an officer, without malice or oppression, by virtue of a writ, and the same is sold by said officer acting by virtue of his office, and it subsequently develops that said property was exempt from such sale, the true measure of damages would be the value of the property, with a reasonable amount allowed for the use of same up to the bringing of the suit, but under no circumstances could the party who claimed such property to be exempt recover the value of said property and the use of same for a period of four years and five months."

The part of the verdict thus assailed is extraordinary, but it is based upon a peculiar state of facts which show such a violation of the law and disregard for plaintiff's rights as relieves it from the objection urged

when it is read in the light of the other opinion as to the law on the measure of damages applicable to this case.

Here the plaintiff in execution and the constable who made the levy were informed that John Hopkins was the head of a family; that he worked the horses to make a living for himself and family; that he claimed them as exempt, under the laws of Texas, from forced sale; that he had no other team which he could use to that end, and was not financially able to buy another; and that, notwithstanding such information, the horses were taken from him and sold by the constable under the execution. It is not contended by appellants the matters of which they were thus informed were not true. They constituted a tort of the most flagrant character. And all the indemnity bonds which could be made to induce the constable to commit such a wrong would not relieve him of his liability to the plaintiff for its consequences.

In an action for a tort, even if no improper motive is attributed to the defendant, the injured party is entitled to recover such damages as will compensate him for the injury received so far as it might reasonably have been expected to follow from the circumstances; such as, according to common experience and the usual course of events, might have been reasonably anticipated. And it has been held that it is no defense that a particular injurious consequences is "improbable" and not to be "reasonably expected," if it really appear that it naturally followed from the wrong. 1 Suth. on Dam., sec. 16. For the seizure and conversion of exempt property by a sheriff or constable under execution, the plaintiff may, in addition to the property or its value, recover interest thereon from the time of the wrongful taking to the trial; or, instead of interest, he may recover the value of the use of the property for the same period. Elder v. Frevert, 18 Nev., 446; Allen v. Fox, 51 N. Y., 562, 10 Am. Rep., 641; Crabtree v. Clapham, 67 Me., 326; Butler v. Mehrling, 15 Ill., 488; 3 Suth. on Damages, sec. 1129. Certainly, the loss by plaintiff of the use of his horses from the time they were taken up to the time of his recovery for the wrong, could have been reasonably anticipated by the wrongdoers.

That the evidence shows the levy and sale of plaintiff's horses was malicious, in contemplation of law, there can not be a shadow of a doubt. Hatred, ill-will, venom nor gall is essential to malice in law. Knowingly and intentionally doing an illegal or wrongful act which injures another in his person or property, is malice in law, without regard to the state of the wrongdoer's feelings at the time the act was done. The levy upon and sale of exempt property is a direct violation of the law which was enacted to secure it to the owner sacred from the touch of a constable or sheriff. When the law is knowingly transgressed by an officer, as was shown upon the trial of this case, to the injury of another, the law vindicates itself and makes an example of its violator by awarding the person wronged punitive damages against him who has maliciously profaned and violated its mandates.

The evidence is sufficient to support the jury's finding of the value of

the use of the exempt property during the time plaintiff has been deprived of its use; and, under the peculiar circumstances of this case, we are unwilling, in view of the law applicable to acts of such flagrant wrong, to disturb the verdict by holding it excessive.

The trial amendment simply corrected a clerical error in plaintiff's petition, which was apparent from the pleadings of all the parties. The defendants could not have been surprised or in any way prejudiced by the amendment, for they had full knowledge of the clerical mistake which it corrected. If the amendment was necessary (and we hardly think it was), the court's permitting it to be made after the parties answered ready for trial affords no ground for reversal. Whitehead v. Foley, 28 Texas, 10; McDannell v. Cherry, 64 Texas, 176; Boren v. Ballington, 82 Texas, 137.

As to the remaining assignments of error, we deem it only necessary to say that we have examined and considered them all, and are of the opinion none should be sustained. The judgment is affirmed.

*Affirmed.*