## WALKER v. FARMERS' & MERCHANTS' STATE BANK OF WINTERS.

(Court of Civil Appeals of Texas. Austin. March 20, 1912.)

1. TROVER AND CONVERSION (§ 32*)—PLEADING.

A petition, in an action by a wife for the conversion of her separate property by a creditor of her husband, which alleges that defendant, with intent to defraud her of the value of described property, induced the sheriff to believe that defendant had a mortgage on the property, given by some other person than herself, and directed the sheriff to forcibly seize possession of the property described, and that the sheriff, pursuant to the direction of defendant, seized the property described, and has withheld the same from her, and that defendant converted the property to his own use by the means aforesaid, states a cause of action as against the objection that it does not allege the means by which defendant persuaded the sheriff to take possession of the property.

[Ed. Note.—For other cases, see Trover and Conversion, Cent. Dig. §§ 191–202; Dec. Dig. § 32.*]

2. TROVER AND CONVERSION (§ 60*)—DAMAGES—PUNITIVE DAMAGES.

One entitled to recover actual damages for the conversion of his property is entitled to exemplary damages, where the acts of conversion were committed maliciously and in an oppressive manner.

[Ed. Note.—For other cases, see Trover and Conversion, Cent. Dig. §§ 281, 282; Dec. Dig. § 60.*]

3. TROVER AND CONVERSION (§ 32*)—PLEADING—ACTUAL AND PUNITIVE DAMAGES.

A wife who sues for the conversion of her separate property by a creditor of her husband must allege that the property was her separate property, and that defendant, at the time of the conversion, was apprised thereof, and allege the facts surrounding the parties at the time of the conversion to show that the acts of conversion were malicious and oppressive, so as to justify the recovery of actual and punitive damages.

[Ed. Note.—For other cases, see Trover and Conversion, Cent. Dig. §§ 191–202; Dec. Dig. § 32.*]

4. CHATTEL MORTGAGES (§ 139*)—BONA FIDE PURCHASER.

The failure of a married woman to file and record a schedule of her separate property, as provided by Rev. St. 1895, arts. 4655, 4659, does not invalidate her right thereto as against a mortgagee of the husband; such mortgagee not being an innocent lienholder of the property.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. § 238; Dec. Dig. § 139.*]

5. HUSBAND AND WIFE (§ 149*)—SEPARATE PROPERTY OF WIFE—MORTGAGE BY HUSBAND.

Rev. St. 1895, art. 2967, providing that a husband shall, during the marriage, have the sole management of his wife's separate property, does not invest him with a right of property in the wife's separate property, nor give him the right of disposition thereof; and he has not, by reason of such possession, the right to mortgage the property to his creditor, though the wife has failed to file a schedule of her property, as provided by articles 4655, 4659.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 573, 574; Dec. Dig. § 149.*]

Appeal from Runnels County Court; R. S. Griggs, Judge.

Action by Mrs. H. L. Walker against the Farmers' & Merchants' State Bank of Winters. From a judgment of dismissal, plaintiff appeals. Reversed and remanded.

Stone & Wade, of Ballinger, for appellant. A. K. Doss, of Winters, and Harris & Harris, of Ballinger, for appellee.

RICE, J. This action was brought by appellant for the recovery of actual and exemplary damages, growing out of an alleged wrongful conversion by appellee of certain cattle, which were claimed to be the separate property of appellant. Appellee replied by general demurrer and general denial, special

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes.

exceptions, and by special answer, to which appellant addressed a special exception. The court sustained all of appellee's special exceptions and overruled appellant's special exception to appellee's special answer. Appellant declining to amend, her suit was dismissed, from which judgment she appeals, complaining of the action of the court hereinbefore referred to.

[1] Appellant's third assignment complained of the action of the court in sustaining appellee's special exception to paragraph 3 of plaintiff's original petition. Said paragraph charges that defendant, on the 26th of September, 1910, acting by and through its cashier, thereunto duly authorized for the purpose and with the intent of defrauding her of the value of certain cattle, describing them, induced and persuaded Flint, the sheriff of said county, and his deputy to believe that said bank had a mortgage on or other claim to said cattle, given by some person other than this plaintiff, and on said date induced, persuaded, and directed said sheriff and his deputy to violently and forcibly seize and take away from plaintiff the possession of the above-described property, and that said sheriff, acting by his deputy, did, by the direction of defendant or its cashier, seize upon all of the above-described property and take the same from the possession of plaintiff and those holding the same for her, and have ever since kept and withheld said property from plaintiff; that defendant did on said date convert said property to its own use and benefit by the means aforesaid, and has ever since said time kept the same, and since then has sold or caused the same to be sold, and has wrongfully, maliciously, and wickedly retained the proceeds of said sale, converting the same to its own use and benefit.

Exception No. 2 of defendant, which was sustained is, in effect, as follows: "Defendant specially excepts to the third paragraph of said petition, on the ground that it fails to allege by what means defendant persuaded Flint, the sheriff, and his deputy to seize and take possession of the stock described in the petition; whether said persuasion was verbal or in writing; whether the same was the process issued out of the court or otherwise." We think this exception was improperly sustained. It would have been sufficient on the part of plaintiff to have alleged a conversion of the property by defendants, without going into detail as to the means and manner thereof. See Hurst v. Mellinger, 73 Tex. 189, 11 S. W. 184; Willis & Bro. v. Hudson, 63 Tex. 682; Hance v. Burk, 73 Tex. 62, 11 S. W. 135; Bryden v. Croft, 46 S. W. 853.

[2] Plaintiff, in addition to actual damages, sought to recover exemplary damages for said conversion, and as a basis therefor set out in the fourth, fifth, and sixth paragraphs of the petition the following facts and circumstances, upon which she rested her claim for such damages: The fourth paragraph alleged that long prior to September 22, 1910, she had informed defendant and its said cashier of her ownership of said property, and that the same was her separate property, and that no other person had any right or claim thereto, and that, prior to said seizure of the same by the defendant, she explained to it and its cashier that several months prior thereto she had been abandoned by her husband, had been left by him alone in the world, with no property of any description or means of any kind, except said cattle and a small equity in a little home at Winters, with several small children to provide for, all of whom were too small to assist her in making a living for the family, and that she had no other means of providing a livelihood for herself and said children, except by manual labor, and except the use and value of said cattle. Likewise advising it at said time that she had purchased said cattle with funds earned by her own labor, and that her husband had theretofore given her any and all community interest or claim which he might otherwise have had in said cattle, and informing it of her intended use of said cattle for the benefit of herself and children.

The fifth paragraph averred that, notwithstanding the knowledge which defendant and its cashier had of her ownership of said cattle, and of her condition and situation in the world, the defendant and its cashier willfully, maliciously, and wickedly took advantage of her apparent helpless condition, and of her apparent inability to obtain assistance and assert her rights to said property, and maliciously, fraudulently, and forcibly took plaintiff's said cattle away from her, and converted the same and the proceeds thereof to its own use and benefit, in total disregard of her rights, and without any warrant or authority of law whatsoever. The sixth paragraph alleged that, in addition to the loss of the value of her said cattle, she had been greatly humiliated and distressed by the wrongful and malicious acts of defendant and its cashier, detailed above, and had been greatly handicapped on account of the loss of her said property in providing a living for herself and children, and had suffered great mental and physical pain and anguish, to her further damage in the sum of $750.

To said several paragraphs, defendant addressed special exceptions as follows, all of which were sustained: To all that part of the fourth paragraph, wherein she alleged that she had been abandoned by her husband, and had been left by him alone in the world, with no property of any description, except the cattle described and a small equity in a little home in Winters, with several small children to provide for, and the further statement that she had no other means of providing a livelihood for herself and children, except by manual labor, on the ground that said allegations were wholly immaterial and could

form no basis of recovery; and, further, that they were made for the purpose of and were calculated to prejudice the jury against the defendant. That part of the fifth paragraph was excepted to which alleged that defendant had knowledge of her condition and situation in the world, and took advantage of her helpless condition and her inability to obtain assistance to assert her rights to said property, on the ground that said allegations were immaterial and formed no basis for recovery. That part of the sixth paragraph of said petition was excepted to, wherein 'plaintiff sought to recover the sum of $750, exemplary damages, on the ground that there were no allegations in said petition and in said paragraph of any such acts and conduct on the part of this defendant as would warrant the recovery of such damages, and because exemplary damages are not recoverable in this character of suit and for injured feelings.

[3] By her fourth, fifth, and sixth assignments, appellant complains of the action of the court in sustaining said exceptions, and urges by her first proposition thereunder that, where actual damages are recoverable for the conversion by defendant of property belonging to the plaintiff, the latter is entitled to exemplary damages, where it is shown that the acts of conversion by the defendant were committed knowingly, willfully, maliciously, wickedly, and in a harsh and oppressive manner; and, in order that the court and jury may intelligently estimate and fix the amount of such exemplary damages, it is not only permissible, but incumbent on the plaintiff, to allege all the facts and circumstances surrounding the parties at the time of the conversion, with a knowledge of which plaintiff may be able to show the defendant acted in committing the wrongs complained of. We concur in this contention on the part of appellant, and hold that it was the duty of appellant, by her pleading, to properly advise the court of the circumstances surrounding her at the time, of which defendant was apprised, showing or tending to show that its acts, if any, were oppressive and otherwise in disregard of her rights. If her contention was true that the property was her separate property, then it was highly material for her to allege and show, if she could, not only this fact, but the further fact that the defendant, at the time of said conversion, was apprised thereof, as well as of her circumstances and condition at said time. See 13 Cyc. pp. 105, 111, and 119; Railey v. Hopkins, 131 S. W. 624; Railway v. Kniffen, 4 Tex. Civ. App. 484, 23 S. W. 457; Alderson v. Railway, 23 S. W. 617; Cone v. Lewis, 64 Tex. 331, 53 Am. Rep. 767; Craddock v. Goodwin, 54 Tex. 578.

In Railey v. Hopkins, supra, Mr. Justice Neill says that "knowingly and intentionally committing an illegal or wrongful act which endangers another in his person or property is malice in law, without regard to the state of the wrongdoer's feelings at the time that the act was done. The levy upon and sale of exempt property is a direct violation of the law, which was enacted to secure it to the owner, secure from the touch of the constable or sheriff. When the law is knowingly transgressed by an officer, as was shown upon the trial of this case, to the injury of another, the law vindicates itself and makes an example of its violator by awarding the person wronged punitive damages against him who has maliciously profaned and violated its mandate."

It is held in Railway Co. v. LeGierse, 51 Tex. 203, and in Wallace v. Finberg, 46 Tex. 35, that, when both actual and exemplary damages are sought, they should be claimed by proper and separate allegations in the nature of distinct counts, with averments especially appropriate to each remedy. So, in the present case, we hold that the court erred in sustaining each and all of defendant's special exceptions to plaintiff's petition.

[4] Defendant's special answer, to which plaintiff addressed a special exception, is as follows: "Further answering in this behalf, defendant says that heretofore, to wit, on the 22d day of April, 1910, G. A. Walker, husband of plaintiff, for the purpose of securing a loan of $230, on said date executed and delivered to defendant a certain promissory note therefor, payable to it on the 22d of June, 1910, with interest and attorney's fees; that to secure the payment thereof when due said Walker, then in actual possession of the cattle described in plaintiff's petition, and being the owner thereof, executed and delivered to this defendant a chattel mortgage thereon; that if plaintiff had any separate title or interest to said property, which is not admitted, but denied, this defendant had no knowledge or notice thereof, either from the records of Runnels county or otherwise, and that upon the faith of the representations of the plaintiff's husband as to his ownership and possession of said stock, and in consideration of said note and mortgage, loaned said sum of money to said Walker, without knowledge, actual or constructive, of any right or interest of plaintiff therein, and is entitled to protection as an innocent mortgagee thereof; that at the maturity of said note default was made in the payment thereof, and to protect itself against loss it filed suit to recover its debt and foreclose its mortgage on said cattle; and that said stock were taken, if at all, by process of law, issuing out of the proper court, without malice or any acts of oppression on the part of defendant, its officers or agents, and said mortgage was foreclosed, and the proceeds of said cattle applied to the payment and satisfaction of its debt, without any notice, actual or constructive, of any claim, or pretended claim, of plaintiff therein."

Plaintiff specially excepted to that part of said answer, wherein defendant pleaded that

it was an innocent lienholder of said cattle, without notice, because the same shows upon its face that when defendant's purported mortgage on the cattle was taken they were in the possession of the husband of plaintiff, and that under the law a husband is the only person entitled to the possession of the separate property of the wife, and his possession is, in effect, her possession, and all parties dealing with him with reference to such property has knowledge of the fact and law. This exception was overruled, to which action of the court appellant excepted, and assigns error thereon, urging by her first proposition under her second assignment that possession by the husband of the wife's separate personalty is the possession of the wife, and that a third party dealing with a married man cannot, without consent of the wife, obtain a valid mortgage on her separate property. It is contended on the part of appellee, however, that our registration laws provide that all property, real or personal, which may be owned or claimed by any woman at the time of her marriage, or which she may acquire afterwards, by gift, devise, or descent, may be scheduled and filed with the county clerk of the county in which the property is situated, and recorded in a book kept for that purpose; and it is only when such registration is made that subsequent mortgagees or purchasers from the husband are not innocent holders.

[5] We differ with appellee in this contention. It is true that article 4655, R. S., provides for the recording by the wife of a schedule of her separate property; and article 4659 declares that the registration of any such schedule of the wife's separate property, made in accordance with the provisions of chapter 4, shall be conclusive as against all subsequent creditors of and purchasers from her husband; but it has been held by our Supreme Court, in LeGierse v. Moore, 59 Tex. 470, that a failure on the part of the wife to file and record such schedule of her separate property will not invalidate her right, or have the effect of making the same liable to seizure and sale by a creditor for the debt of her husband. See, also, in this connection, Speer on Married Women, par. 134, p. 137; Edrington v. Mayfield, 5 Tex. 383; Dority v. Dority, 30 Tex. Civ. App. 216, 70 S. W. 340; Rev. St. art. 2967. It is likewise true that the latter article provides that during the marriage the husband shall have the sole management of his wife's separate property. This, however, does not invest him with the right of property therein, nor give him the right of disposition thereof. Hence the contention of appellee, that the husband, by reason of such possession of his wife's separate property, in the absence of a recorded schedule thereof, as provided by the statute, would give him the right to mortgage or sell such property cannot be maintained. We therefore think that the court erred in sustaining so much of said exception as undertakes to assert the defense of innocent purchaser, and we sustain appellant's assignment presenting this question.

For the errors indicated, the judgment of the court below is reversed, and the cause remanded.

Reversed and remanded.