BURKITT v. MOXLEY et al.　(No. 7631.)

(Court of Civil Appeals of Texas. Galveston. Nov. 13, 1918.)

1. TROVER AND CONVERSION ⟨⊜⟩40(3)—OWNERSHIP OF PROPERTY — SUFFICIENCY OF EVIDENCE.

In suit by wife for conversion of machinery, owned by her as widow of her first husband and taken by defendant from possession of her second husband in foreclosing mortgage thereon, evidence *held* to sustain finding that property belonged to plaintiff's first husband, and that on his death it came into her possession as his widow.

2. HUSBAND AND WIFE ⟨⊜⟩133(1)—WIFE'S ESTATE—EVIDENCE.

In wife's suit for conversion of her personalty by defendant foreclosing a mortgage given

by the husband, it was not necessary for the wife to show from what source she acquired the property, but only that it was her separate property.

**3. HUSBAND AND WIFE ☞129(3)—SEPARATE PROPERTY—ESTOPPEL TO CLAIM.**

Act of wife in permitting husband and his partner to use her machinery in business as if it belonged to them did not legally estop her from claiming property as against creditor of firm, who accepted mortgage from partners to secure debt against firm.

**4. HUSBAND AND WIFE ☞129(4)—SEPARATE PROPERTY OF WIFE — POSSESSION OF HUSBAND—NOTICE BY WIFE.**

That the law now gives a wife control of her separate property does not require her to give notice of ownership to those who might give credit to husband on strength of his possession and use of such property, to protect it against seizure and sale for payment of husband's debts.

**5. APPEAL AND ERROR ☞994(3) — REVIEW — CREDIBILITY OF WITNESSES.**

Credibility of witnesses was for trial court to pass upon, not for Court of Civil Appeals.

Appeal from District Court, Harris County; Henry J. Dannenbaum, Judge.

Suit by Florence Moxley and husband against G. W. Burkitt. From judgment for the plaintiff named, defendant appeals. Affirmed.

A. R. & W. P. Hamblen, of Houston, for appellant.

Jones & Jones, of Houston, for appellees.

LANE, J. This suit was brought by appellee Florence Moxley, joined by her husband, J. T. Moxley, against appellant, G. W. Burkitt, to recover the value of certain well-boring machinery.

Mrs. Florence Moxley alleged in her petition that on the 15th day of November, 1916, she was the owner of said machinery; that it was her separate estate; that appellant Burkitt on said date knew it was her separate property, and had known such fact for a long time prior thereto, and with knowledge of such fact he seized said property and converted it to his own use, to her damage in the sum of $1,015, its alleged value.

G. W. Burkitt answered by general demurrer and general denial.

The cause was tried before the court without a jury and judgment was rendered in favor of Mrs. Moxley for the sum of $775. G. W. Burkitt has appealed.

At the request of appellant the trial court filed his findings of fact and conclusions of law as follows:

The property in controversy belonged to Warneke, plaintiff's first husband, and upon his death came into her possession as his widow, where it remained until her marriage to Moxley, her present husband. With the knowledge and consent of plaintiff, Moxley used the property to engage in the business of well-boring, in which business he was associated with one Roberts. Moxley and Roberts, plaintiff not joining or consenting, and having no knowledge thereof, mortgaged the property to defendant, using the proceeds to pay business and individual debts, including community debts of plaintiff and Moxley. Default having been made in payment of the mortgage debt, defendant took possession and caused the property to be sold under foreclosure of the lien thereof. The testimony does not show whether Warneke bequeathed the property by will, whether it belonged to his separate estate, or to the community estate of himself and plaintiff, or whether he was survived by children. The value of the property when possession was taken by defendant was $775. Prior to the sale under the mortgage, plaintiff demanded the property of the defendant.

Conclusions of Law.

The mortgage to defendant, executed by Moxley and Roberts, created no lien on the property.

The act of the defendant in taking possession of the property and causing it to be sold was a conversion thereof, rendering defendant liable for its value.

By appellant's first assignment he insists that the trial court erred, first, in finding as a fact that the property in controversy belonged to Warneke, the plaintiff's first husband, and that upon his death it came into her possession as his widow; second, in concluding that he (Burkitt) had converted any property of appellee; and, third, in rendering judgment against him in favor of appellee for the value of said property: (1) Because there was no evidence to support the fact finding; and (2) because there is no evidence to support the conclusion of law reached by the court or the judgment rendered.

[1] We cannot sustain either of the contentions of appellant. The fact finding complained of was supported by the following evidence:

James Moxley testified:

"My name is James G. Moxley. I am the husband of Mrs. Moxley, who has just testified. We were married the 1st of September, three years ago. I have been living with my wife ever since we were married. I am acquainted with the machinery that is described in this petition here, that is being sued for. I have heard the list of that machinery read. At the time I was married this machinery was located down there at 1010 Chenevert, where the old shop used to be. It was my wife's property at that time."

Again:

"Mr. Roberts and I gave a mortgage on part of this rig. The mortgage we gave was on all the property my wife is suing for here."

Again:

"I told Mr. Burkitt that this was my wife's property; that was mentioned up there that part of it was, that morning I signed the mortgage, and he said, 'I don't care anything about that; go ahead and do the work, and that part will be all right.'"

Appellee Mrs. Moxley testified:

"I have alleged here that I am the owner of certain well-boring machinery. * * * This property you described belonged to me before I married Mr. Moxley. I didn't buy or pay for any of this property after I married Mr. Moxley."

Again:

"As to where I got this property, why, it is from my husband's estate that is dead, Mr. Warneke."

We think the testimony quoted is sufficient to support the finding of the court that the property in controversy belonged to Warneke, the deceased husband of Mrs. Moxley, and that after his death it became her property.

[2] While the court in its conclusions of fact announced upon sufficient evidence that the property had belonged to Warneke, plaintiff's previous husband, it was not a necessary finding of fact. It was the uncontroverted evidence that the property belonged to and was claimed by Florence Moxley at the time of her marriage, and continued to be her property to the day of its conversion by appellant. It was not necessary to show from what source she acquired the property; it was enough to show that it was her separate property, and, having done so, it was sufficient to support the judgment that was rendered.

By appellant's second assignment he insists that the trial court erred in its conclusion of law that the mortgage executed by Mr. Moxley and Mr. Roberts upon the property involved to appellant did not create a lien on the property, though it be found to be the separate property of Mrs. Moxley, first, because Mrs. Moxley knew that her husband, J. T. Moxley, was engaged in the business of boring wells as a partner with Roberts; and, second, because a part of the money obtained on the mortgage to Burkitt was used in community debts of Mrs. Moxley and her husband, J. T. Moxley.

Appellant's only proposition under this assignment is that as appellee, Mrs. Moxley, permitted her husband to have the management and control of her separate personal property, and, as he dealt with innocent third persons as the owner of the property, she was estopped to set up claim as against such person.

[3-5] The proposition cannot be sustained for two reasons: First, because the act of Mrs. Moxley in permitting her husband and his partner, Roberts, to use her property in boring wells in the same manner as they would had the property belonged to them, did not have the legal effect to estop her from claiming her property as against Burkitt, who accepted a mortgage from Moxley and Roberts upon the same to secure his debt against her husband and his partner, Roberts. She had the right to either lease or loan her property to these parties, and by doing so, if she did, she did no act constituting an estoppel in favor of Burkitt. We know of no law that would require her to give notice to the world that the property used by her husband was her separate property, so as to protect it from seizure and sale for the debts of the husband, nor has appellant cited any authority so holding. We do not think that the fact that the law now gives her the control and management of her separate property would require her to give notice to those who might credit her husband, so as to

protect such property against seizure and sale for the payment of the husband's debts (Le Gierse & Co. v. Moore, 59 Tex. 470) ; and, second, because there was testimony given in evidence which, if believed by the trial court, was sufficient to authorize the rendition of the judgment which was rendered, upon the theory that appellant was told that the property belonged to Mrs. Moxley before he accepted the mortgage. The credibility of the witnesses was for the trial court to pass upon and not for this court.

The third and last assignment, insisting that the evidence shows that the appellee could not have had more than a one-third interest in the property, is fully answered by what has been said with reference to the first assignment. It is therefore overruled.

The judgment of the trial court is affirmed. Affirmed.