## WASSENICH et ux. v. EVANS.

### No. 3841.

Court of Civil Appeals of Texas. Beaumont.
April 17, 1941.

Rehearing Denied April 30, 1941.

Baker & DeLee and Fred A. White, all of Port Arthur, for appellants.

Shivers & Keith, of Port Arthur, for appellee.

O'QUINN, Justice.

This suit was brought by appellee, L. G. Evans, in the 60th district court of Jefferson County, Texas, against Joe Wassenich, and his wife, Mrs. Joe Wassenich, and Harris Wassenich, her brother-in-law, for damages resulting to Mrs. Evans, wife of appellee, alleged to have been caused by an assault and battery committed in and upon Mrs. Evans by the defendants, Mrs. Joe Wassenich, and her brother-in-law, Harris Wassenich.

The defendants answered by general demurrer, numerous special exceptions, general denial, and specially answered (by Mrs. Wassenich) that she acted only in self-defense against an attack then being made upon her by Mrs. Evans, and defendant Harris Wassenich specially denied that he made or attempted to make any assault

upon Mrs. Evans, but that all he did was to try to separate the fighting women.

The case was tried to a jury upon special issues. They found that Mrs. Wassenich did commit an assault and battery upon Mrs. Evans, and that Mrs. Evans suffered damages in the sum of $500 by reason of said assault and battery. They found that Harris Wassenich did not commit any assault or battery upon Mrs. Evans. Judgment was rendered in favor of appellee against appellants, Joe Wassenich and his wife, Mrs. Joe Wassenich, jointly and severally, for $500. Harris Wassenich was discharged with his costs. No appeal is prosecuted from the judgment in favor of Harris Wassenich. Joe Wassenich and Mrs. Joe Wassenich filed motion for a new trial, which was overruled, hence this appeal.

Appellee filed motion to strike appellants' brief because not in compliance with the rules for briefing. Much of the criticism of the brief has substantial basis, however there are several assignments of error sufficient for consideration. The motion to strike is overruled.

In their second assignment of error, appellants complain that the evidence adduced by appellee was "wholly insufficient" to support the findings of the jury that appellant, Mrs. Joe Wassenich, committed an assault and battery (in the absence of self-defense) in and upon the plaintiff, Mrs. Evans. We sustain this assignment. As the judgment will be reversed and remanded for another trial we do not quote or discuss the evidence, however, we will say that other than the testimony of Mrs. Evans there was no evidence showing an unlawful assault by Mrs. Joe Wassenich upon Mrs. Evans, and she, Mrs. Evans, admitted that she struck the first blow in the beginning of the affray. She undertook to justify her action by saying that Mrs. Wassenich in a conversation between them just prior to the happening applied to her insulting language because of which she, Mrs. Evans, struck her. Verbal abuse, however insulting, will not justify an assault. But Mrs. Evans says that Mrs. Wassenich was making threatening gestures indicating that she was about to make an assault on her. Against this contention appellants level their assignment. From a careful search of the record we think the evidence was insufficient to support the jury's verdict in Mrs. Evans' favor on this issue.

We overrule appellants' assignments complaining of the court's charge that special issues 1, 2, 3, 4, 5, and 6 were general charges and that they were multifarious in that they each submitted more than one ultimate fact for the jury's finding. The issues were not subject to this criticism.

The matters complained in other assignments need not arise on another trial, and are not discussed.

For the reason that the evidence disclosed by the record is not sufficient to support the findings of the jury complained of, the judgment is reversed and the cause remanded for another trial.

Reversed and remanded.