## HOME TELEPHONE & ELECTRIC CO. v. BRANTON. (No. 1237—5270.)

Commission of Appeals of Texas, Section A. Jan. 22, 1930.

Butts & Wright, of Cisco, and J. R. Black, of Baird, for plaintiff in error.

Grisham Brothers, of Eastland, for defendant in error.

CRITZ, J. W. A. Branton recovered a judgment in the district court of Eastland county against Home Telephone & Electric Company, a corporation, for $1,250 damages alleged to have resulted from the erection of a telephone pole, guy wire, and anchor, on land owned by Branton. Branton also recovered a judgment in the same suit against the telephone company and one Paul Beardon for $2,750 damages alleged to have resulted from an assault committed on the plaintiff by Paul Beardon. Both the electric company and Beardon perfected an appeal to the Court of Civil Appeals for the Eleventh District at Eastland, but Beardon filed no brief. The Court of Civil Appeals affirmed the judgment of the trial court against Beardon, holding no fundamental error appeared in the record so far as the judgment against him was concerned; and also affirmed the part of the judgment of the trial court against the electric company based on the trespass on Branton's land, but reversed and rendered the judgment against the electric company based on the assault by Beardon on Branton. 7 S.W.(2d) 627. The cause is now before the Supreme Court on writ of error granted on application of the electric company. We refer to the opinion of the Court of Civil Appeals for further statement of the case.

The error of law assigned in this court by the plaintiff in error, Home Telephone & Electric Company, is to the effect that the Court of Civil Appeals erred in not considering the part of its brief raising the issue of the ownership of the land in question, and in not reversing the part of the judgment based on the alleged trespass on Branton's land, because the undisputed evidence shows that Branton did not own the land, but only had an easement therein giving him the right to use water impounded thereon for the operation of a gin, so long and no longer than he should continue to operate the gin.

The Court of Civil Appeals declined to pass directly upon this question holding the brief insufficient to require them to do so. It is true that the brief with reference to this assignment fails to strictly adhere to the rules for briefing prescribed for the Courts of Civil Appeals; yet it is sufficiently defi-

nite for an appellate court to ascertain, and investigate without undue labor, the question presented. For this reason we have decided to pass thereon.

We are further of the opinion, however, that if the Court of Civil Appeals had passed upon this assignment they would have overruled. the same for the reason that there is evidence in the record sufficiently cogent and definite to show, as a matter of law, that Branton was the fee-simple owner of the land in question. Branton himself testified in regard to his title as follows:

"I had a gin lot on which there was a tank of water situated near thereto. I had a deed from Mr. Eberhart to that land; I put it in the bank with some other papers, with a deed for my other property. I have made a search for that deed. I have made a search for it at the place where it is usually and customarily kept at the bank, the Continental State Bank. I did not have a box, but I turned that over to Mr. Tyler, and he taken care of them for me. I believe it was Friday or Saturday that I made that search, and I did not find the deed. I have requested search to be made by Bill Tyler prior to that time. Mr. Eberhart is not still living; he died a short time ago. My title to that particular lot has never been questioned. It has been in my possession I judge about twelve years and I have been using the water all the time. I have had it in my exclusive possession. * * *

"I stated on Direct Examination that Mr. Eberhart executed a deed conveying me that particular piece of property that the tank is on. I didn't file it for record. I carried it with the rest of my papers and put it in the bank. I first missed that deed when we went after it; it has been two or three weeks ago. I told my wife to go get my papers, that I would probably need that deed. I disremember how far back it was that I asked her to get my deeds. As to whether it has been as much as a month; I think so, Judge, I can't remember those dates, but it was a while back."

J. B. Eberhart testified as follows on the question of title:

"I suppose it was my father who made the deed to Mr. Branton to the lot where the tank is there near where the gin is. My father is dead now. I never did see the deed or read it. Mr. Branton has the peaceful possession of the tract of land where the reservoir is. I couldn't state the year he got possession of it, not knowing, but it has been ever since the gin has been there, more than fourteen or fifteen years probably."

The plaintiff in error made no request in the trial court for the submission of any special issue regarding the title, and did not except to the charge for failure to submit such issue.

Under the above record, even if the Court of Civil Appeals had considered that part of the brief of plaintiff in error raising the issue of title assigned in this court, the result would have been the same, as the above-quoted evidence is sufficient in law to show the title in Branton.

The only evidence in the record called to our attention by plaintiff in error, which could even remotely sustain the contention that Branton did not own the land, is the testimony of J. T. Poe, who testified in substance that he went to Mr. Eberhart (who was the man that Branton testified had deeded him the land), to find out who the land belonged to, and that Eberhart told Poe that it belonged to Branton as long as he ran the gin, and when he failed to run the gin it reverted back to his (Eberhart's) heirs.

This testimony was purely hearsay and certainly could not be taken as conclusively proving that Branton was not the fee-simple owner of the land in question.

We recommend that the judgment of the Court of Civil Appeals be affirmed.

CURETON, C. J. Judgments of the district court and Court of Civil Appeals both affirmed, as recommended by the Commission of Appeals.