FELDER v. HOUSTON TRANSIT CO.

No. 11871.

Court of Civil Appeals of Texas. Galveston.

April 10, 1947.

Rehearing Denied July 10, 1947.

832

Robert L. Maddox, of Houston (Percy Foreman and Allen, Smith & Neal, all of Houston,.of counsel), for appellant.

J. C. Hutcheson, III and J. Curtiss Brown, both of Houston (Baker, Botts, Andrews & Walne, of Houston, of counsel), for appellee.

GRAVES, Justice.

This suit was brought in the court below by Guy Felder, appellant, against Houston Transit Company, appellee, because of an alleged assault and battery committed upon him by B. F. Goodson, bus driver for, and agent, servant, and employee of the appellee. The jury found—in answer to three special issues submitted by the court—(1) that B. F. Goodson, as appellee's driver, agent, servant, and employee, was acting within the scope and course of his employment for it at the time he struck appellant, was then engaged in its business, and in the furtherance thereof; (2) that Goodson was not acting in self-defense at the time; and (3) that appellant, as reasonable compensation for the injuries proximately caused by Goodson, was entitled to damages in the sum of $1,000.

The trial court entered judgment non obstante veredicto in favor of the appellee, in response to its motion therefor on that ground, holding that B. F. Goodson, appellee's agent, servant, and employee, was not acting within the scope and course of his employment at the time of the commission by him of such assault and battery.

In inveighing here against the judgment so adverse to him below, appellant presents this sole point of error: "The trial court erred in granting appellee judgment non obstante veredicto, because the evidence raises the issue that at the time of the assault and battery the bus driver was acting within the scope and course of his employment."

Under Rule 301, Texas Rules of Civil Procedure, the cause having been tried before a jury, which had so returned its verdict therein, answering the only fact-issues held by the trial court to have been raised by the pleadings and evidence for both sides, in favor of appellant's contentions, the trial court could only render a judgment contrary thereto, "if a directed verdict would have been proper."

In an appeal from such action below, similarly, the authority of this court is also well defined and limited, in respects which may, it is thought for the purposes of this opinion, be substantially restated in very brief essentials this way:

The court must presume to be true the evidence, if there be such, which was favorable to the party against whom the verdict was instructed; it must also place upon the testimony favorable to him the most liberal construction in his favor that the evidence would reasonably bear, giving him the benefit of all reasonable inferences arising therefrom. Indeed, all evidence contradictory to that favorable to the losing party, under an instructed verdict, should be disregarded. Ft. Worth v. Kiel, Tex.Civ.App., 195 S.W.2d 405, writ of error refused; Burroughs v. Smith, Tex.Civ.App., 294 S. W. 948; Lee v. International & G. N. R. Co., 89 Tex. 583, 36 S.W. 63; Woods v. Townsend, Tex.Sup., 192 S.W.2d 884; Texas & N. O. R. Co. v. Blake, Tex.Civ.App., 175 S.W.2d 683, writ of error refused; McCrory's Stores Corp. v. Murphy, Tex. Civ.App., 164 S.W.2d 735, writ of error refused, want of merit; Chicago, etc. v. Carter, Tex.Com.App., 261 S.W. 135; Henwood v. Neal, Tex.Civ.App., 198 S.W.2d 125; Reed v. Markland, Tex.Civ.App., 173 S.W.2d 346, at page 351.

While the appellee presents for alternative consideration some cross-assignments directed toward specified errors it contends the court committed against it in other respects, both sides agree that the controlling question of law the appeal poses is this: Did the evidence raise an issue of fact over whether the bus driver was acting within the scope and course of his employment for appellee at the time of the declared-upon assault by him upon the appellant?

Appraising the evidence under the stated rule, this court concludes that it did raise such an issue of fact, hence that the court below erred in having so set aside the jury's verdict in appellant's favor.

Even the appellee frankly concedes that there were two different ways of looking at the body of the testimony as a whole, as this recitation to that effect in its brief makes manifest:

"The evidence in this case presents two versions of how the incident under consideration took place. Each account is succinct, clear, unequivocal, and each is in direct contradiction of the other. Only two witnesses testified as to the circumstances of the fight. These witnesses were the plaintiff, Guy Felder, and B. F. Goodson.

"Plaintiff, Guy Felder, testified that on January 1, 1946, he was driving his automobile west on Calhoun Street in Houston. At the intersection of Calhoun and Dowling he bumped into the rear end of a bus of appellee. Plaintiff repeatedly testified that the bus driver left the bus of appellee and walked around to the side of the car on which plaintiff was sitting; that plaintiff did not utter a word; that Goodson hollered something which plaintiff could not understand; that as plaintiff started to open the door Goodson struck him without any reason or purpose at all.

"The other version of how the fight took place was presented by B. F. Goodson. According to Goodson, he left the bus and went back to inquire of plaintiff his name and license number; plaintiff started cussing and 'popping off' in general; that Felder refused to give his name; that he told Felder that 'If he wanted to give me his name, all right; if not, that was all right'; that as he started to walk away Felder placed his hand on him, and said—(vilely cursing him); that he struck Felder because he called him the vile and filthy name above set out."

Not only so, but appellee further earnestly argues that the appellant, as a witness, was bound by his own testimony in the cause, and that he therein admitted himself out of court in effect, under such authorities as 17 Tex.Jur.,—Evidence—Civil Cases, Sec. 240, page 577, and Sec. 419, page 928; Kimmell v. Tipton, Tex.Civ. App., 142 S.W.2d 421, at pages 428 and 429; Daugherty v. Lady, Tex.Civ.App., 73 S.W. 837, 838.

Indeed, the motif of appellee's entire argument, to the purport indicated, is apparently disclosed in this further quotation in that connection, from its brief, to wit: "It is clear that plaintiff Felder testified to a clear case of unprovoked assault and battery, whereby the driver left the bus of defendant and walked back with his money changer and struck plaintiff without making any investigation, asking any questions, or doing anything, except personally strik-

ing plaintiff for reasons of his own, after shouting something undistinguishable. According to Felder, he did not utter a word, or sound, during the entire sequence of events, and Goodson said nothing except the one phrase which plaintiff could not understand. We wish to make it clear that it is our contention that, regardless of which version may be correct, or whether the two accounts are jumbled together, that plaintiff has made no case against defendant."

In view of these sharply differing constructions of the parties upon the controlling features of the evidence, as an entirety, under the stated rules with reference thereto this court is so bound by, this brief summary of the testimony in appellant's favor—thought to be substantially correct—is quoted from his brief:

"Appellant, Guy Felder, said the accident and assault and battery occurred in the following manner: He ran into the back of the bus while the bus was stopped. The force of the collision rocked the bus. Appellee's bus driver came around on the driver's side of appellant's car. The bus driver was carrying his money changer with him; the bus driver looked at the bumpers of his bus and appellant's car jammed together; at the time the bus driver looked at the bumpers, he hollered at appellant; appellant did not understand what appellee's bus driver said. Appellant did not say anything to appellee's bus driver, after the bus driver hollered at him. When appellee's bus driver hollered at him, appellant then started to open the door of his car. Appellant opened the door of his car when the bus driver hollered at him, but he hadn't gotten out of the car; appellant could not say whether or not he had one foot on the ground, when he was hit. B. F. Goodson, appellee's bus driver, struck appellant with the money changer. The force of the blow from the money changer knocked appellant unconscious; it was 15 or 20 minutes after he was hit with the money changer before appellant regained consciousness. Appellant was found lying in the street, on the driver's side of his car, after he was hit. Appellant had seven strong teeth before the accident. After the assault, Guy Felder lost all seven teeth. Appellant at the time of the trial had two scars on his face, one on his left cheek, and one on upper lip. Appellant suffers lack of feeling in his face. Appellant has had headaches ever since the assault, and he did not have these headaches before the assault.

"Appellee's bus driver admitted that he had the duty to investigate the accident, get appellant's name, and the license number of his car."

■ It thus seems clear that, of the two versions of how the incident took place the appellee refers to, appellant's alone must be adopted by this court, and when it is, that the testimony therein favorable to him clearly indicated the bus driver to have been in the course of his employment for the appellee at the time, which was a question of fact determinable by the jury. Chicago, R. I. & G. R. Co. v. Carter, Tex. Civ.App., 250 S.W. 192; Id., Tex.Com.App., 261 S.W. 135; Moreman v. Armour & Co., Tex.Civ.App., 65 S.W.2d 334, writ of error refused; Rounds v. Delaware, etc., 64 N.Y. 129, 21 Am.Rep. 597; Sanford v. Eighth Ave. R. Co., 23 N.Y. 343, 80 Am.Dec. 286; Lovett v. Salem, etc. R. Co., 9 Allen, Mass., 557; Holmes v. Wakefield, 12 Allen, Mass., 580; 90 Am.Dec. 171; Interstate Co. v. McDaniel, 178 Miss. 276, 173 So. 165, 166.

■ The accepted rule of law, as applicable to the distinctive gist of the quoted testimony in this instance, is thus stated in 39 Corpus Juris, page 1285, Sec. 1476: "If the act complained of was within the scope of the servant's authority, the master will be liable, although it constituted an abuse or excess of the authority conferred. The master who puts the servant in a place of trust or responsibility, or commits to him the management of his business or the care of his property, is justly held responsible when the servant, through lack of judgment or discretion, or from infirmity of temper, or under the influence of passion aroused by the circumstances and the occasion, goes beyond the strict line of his duty or authority and inflicts an unjustifiable injury on a third person."

Our Texas authorities are in accord with that statement of the law, perhaps the leading one being Chicago, etc. v. Carter,

Tex.Com.App., 261 S.W. 135, supra; see also Gulf, C. & S. F. R. Co. v. Cobb, Tex. Civ.App., 45 S.W.2d 323, writ of error dismissed.

Much of what the appellee grounds the opposing deductions from the evidence must be disregarded under the rules the cited authorities apply; for instance, its repeated assumption that there was "a fight" between the appellant and the bus driver, that the appellant profanely and vulgarly cursed the driver as the latter approached him with his money changer box in his hand, got out of his car and laid his hands on the driver, as if intending to attack him, and that the driver was only then moved to strike him with the money changer. It would seem that all that must go out the appellate window as never having occurred at all; because the appellant is shown to have over and over retold the same story of how the accident happened, insisting that he never got of his car before he was hit, that he never cursed the bus driver, nor made any other menacing motions toward him—that he was knocked into unconsciousness while still in his car and remembered nothing more.

So that, the cause must be viewed in this appellate court as being what the most reasonable, favorable, and natural inferences from the testimony in appellant's favor may make of it; further, in doing that, it must be considered that the whole occurrence very probably took place within a very brief time; that the bus driver immediately on the collision of the two cars got of his bus, with his employer's money changer in his hands, went quickly behind appellant's side of his bus to the rear to look at the license number thereof, talking at the appellant the while; and that, just as appellant partially opened the door of his car, as if to get out, the driver, still with his employer's money changer in his hands, stepped up to appellant's side of his car and hit him with it so hard as to knock him unconscious, and destroy seven of his upper teeth.

If this over-all view must thus be taken, there is no stepping-aside and doing a personal act on his own as a result of having been so cursed by the appellant reasonably inferable at all; he plainly, it would seem, if appellant's version is to be believed, may have become angered at having been run into from behind by a negro, and in consequence having gone beyond any necessity in his employer's interest, or, especially, of any anticipation upon its part that he would do so; but, in the view this court takes of the law, as declared upon that precise feature by the many holdings above cited, he, in such circumstances, plainly did not thereby get out of but was still in the course of his employment in undertaking to do what he himself says was his duty to his employer to get the appellant's license number, as well as his name, and such other information about the accident as he might, in order to make his report to and thereby comply with his duty to the appellee.

Under these conclusions, the jury's quoted findings were improperly set aside by the trial court.

The appellee's cross-points numbers I to XII, inclusive, are overruled, because they severally complain of the trial court's having given its special issues Nos. 1, 3, 6, and 7, without adding thereto its requested instructions, relative thereto, respectively, and do not set out in full any of such charges or requested instructions, as required by Rule 418(c) (ii), Texas Rules of Civil Procedure. Doherty v. San Augustine, Tex.Civ.App., 178 S.W.2d 866, writ of error refused; Treme v. Thomas, Tex.Civ. App., 161 S.W.2d 124, at page 131, (12-13).

The judgment will be reversed, and judgment will be here rendered in favor of the appellant against the appellee, in accordance with the jury's verdict, for the sum of $1,000, together with legal interest thereon from the date of this trial below.

Reversed and rendered.

### On Motion for Rehearing.

In originally disposing of this appeal, the appellee's cross-points Nos. I to XII, inclusive, were overruled, upon a holding that they had been waived, because the charges and requested instructions upon which they rested had not been set out in full, as required by Rule 418, (c) (ii), Texas Rules of Civil Procedure.

On reconsideration of that feature, however, this court subsequently permitted the appellee to file an amended brief fully covering all of such cross-points, which has now been considered, the court being constrained to grant that relief, under these authorities: Rule 431, T.R.C.P.; Franki, Vernon's Texas Rules of Civil Procedure 374 (1946 Supplement). This court has also heard not only the written motions and arguments of the appellee for rehearing upon the whole cause, but also, at its request, oral arguments from both sides, upon all questions thus finally presented for reconsideration.

It is concluded that the cause, except as to the refusal to consider the cross-points, as indicated, was correctly disposed of by the original holding that the evidence did raise an issue of fact over whether the bus-driver was acting within the scope and course of his employment for appellee at the time of its driver's assault upon the appellant; hence that opinion will be adhered to.

Indeed, these excerpts from the testimony of appellee's driver himself—when appraised most favorably towards the appellant, as they must be—convincingly negative the only defensive claim declared upon by the appellee: that its driver had turned aside from the course of his employer's business when he struck the appellant with the money-changer, to wit:

"Well, I got out and went back to ask him his name and license-number, to make my report out of the accident."

"When I first started talking to him, he was sitting behind the wheel of the automobile. He was driving the car."

"I just asked him for his name."

"Q. Well, what led up to your striking him? A. "Well, I told him—he didn't seem to like it, because I wanted his name and his license number. So I just told him that I had to make out a routine report for the company, so they could check the bus and see if there was any damage to it and replace whatever was broke on the bus.

"I started to walk around to get his license number. He said, 'You can't have anything, you * * * So I hit him.

"Q. What did you hit him with? My money-changer.

"Q. Did it knock him down? Yes sir.

"Q. You came back to make inquiries, going through the regular routine of your work, as the Houston Electric Company requires? A. I believe that is required in any accident to get whoever hit you's name and that sort of thing."

"Q. Isn't that a requirement of your company? Yes, sir, that is a requirement of the company."

"Q. At that time, you were just going to the back of the car to get the license number yourself? A. Yes, sir."

"Q. And then, when you started to take his license number, he cussed you personally? A. Yes, sir.

"Q. And that is when you hit him? A. Yes, sir."

In other words, if there was such a fight between the two participants as the appellee has grounded its indicated sole defense upon, it is thus made clear that its driver not only began and precipitated such fight, but accelerated it into a very quick termination in his own favor by a knock-out blow with his employer's implement, right at the moment he was undertaking to procure the appellant's car-number, and was meeting opposition from the latter in doing so.

This situation brings the whole cause, on its merits, directly within the rule thus stated in Chicago, etc., v. Carter, Tex. Com.App., 261 S.W. 135, at page 136, col. 2, near bottom, cited in this court's original opinion: "Where the agent begins a quarrel while acting within the scope of his agency, and immediately follows it up by a violent assault, the master will be liable, as the law under the circumstances will not undertake to say when in the course of the assault he ceased to act as agent and acted upon his own responsibility."

That same holding, on analogous facts, was likewise made in Gulf, etc. v. Cobb, Tex. Civ.App., 45 S.W.2d 323, at page 326, middle of column 1, writ of error dismissed, as follows: "When the master places his property in the possession of his servant, 'the right to protect that possession as well as the right to prevent any interference with its immediate use, springs out of the possession and the duty to control and manage it,'

and, for any assault made by the servant upon a third person immediately growing out of the exercise of his right to control and manage the property by which the servant uses more force than is necessary, the master is liable for the injuries so inflicted."

As concerns the cross-points, they are all overruled as having pointed out no reversible error. While they well-nigh challenge the whole submission of the cause to the jury, including the special issues and the definitions given in connection therewith, it is not thought that—under the pleadings and developed facts—there were any such errors involved as were reasonably calculated to cause, and probably did cause the rendition of an improper judgment. Texas Rules of Civil Procedure, rule 434.

 This court finds no fault with either of the two most important instructions therein given; that is, those under issue No. 1, as to whether the bus-driver was acting within the scope and course of his employment for appellee at the time he struck appellant, and No. 3, the damage-issue, to wit:

"You are instructed that, as used herein, the term 'within the scope and course of his employment' means that the act was done by the employee while said employee was engaged in the service of his employer, about his employer's business, and in furtherance thereof.'

"1. Such physical pain and mental anguish, if any, as you may find from a preponderance of the evidence that the plaintiff, Guy Felder, has suffered, if any, from the date of the occurrence down to the date of this trial.

"2. The reasonable present cash value to the plaintiff of the loss of his teeth.

"3. Disfigurement, if any.

"Answer by stating the amount, if any, in dollars and cents."

As this court understands it, these definitions come within the accepted holdings of our courts with reference to the defined subjects, to wit:

(1) On course of employment: Gulf C. & S. F. v. Cobb, Tex.Civ.App., 45 S.W.2d 323, page 327, (9);

(2) On damages: Fidelity v. Branton, Tex.Civ.App., 70 S.W.2d 780, W.E.D.; St. Louis S. W. Ry. Co. v. Highnote, Tex.Civ. App., 84 S.W. 365, 368; Luling Oil & Gas Co. v. Edwards, Tex.Civ.App., 32 S.W.2d 921, 926, W.E.D.

It is further held that the award of $1,000 damages to the appellant has not been shown to have been in anywise excessive; on the contrary, there was no evidence adduced by the appellee, from which such a conclusion could have been justly arrived at; while, on the other hand, the mere statement of what the appellant was shown to have suffered, from the witnesses who detailed it, clearly furnished the jury ample basis for the award it made. S. W. Bell Tel. Co. v. Ferris, Tex.Civ.App., 89 S.W.2d 229, at page 234, and cited authorities.

It follows from these conclusions that the appellee's motion for rehearing should be refused; it will be so ordered.

Motion refused.