HOUSTON TRANSIT COMPANY V. GUY FELDER.

No. A-1410. Decided February 4, 1948.
Rehearing overruled March 17, 1948.
(208 S. W., 2d Series, 880.)

*J. C. Hutcheson, III, J. Curtis Brown,* and *Baker, Botts, Andrews & Walne,* all of Houston, for petitioner.

*Robert L. Maddox, Percy Foreman* and *Allen, Smith & Neal,* all of Houston, for respondent.

MR. JUSTICE SIMPSON delivered the opinion of the Court.

Guy Felder brought a damage suit against the Houston Transit Company in a district court of Harris County, growing out of injuries inflicted upon him by B. F. Goodson, one of the company's bus drivers. A jury found that when he assaulted Felder, Goodson was acting in the scope of his employment, and not in self-defense, and fixed Felder's damages at $1,000.00 The district court entered a judgment for the transit company notwithstanding the verdict, on the ground that as a matter of law the company's agent was not acting within the scope of his employment in committing the assault; but the Court of Civil Appeals reversed that judgment and rendered one in favor of Felder. 203 S. W. (2d) 831.

It is undisputed that a car driven by Felder ran into the rear of a transit company bus, and that Goodson, the operator, left the bus, went to Felder's car, and struck him in the face with a money-changing box. Felder testified that Goodson came around to the rear of the bus, looked at the bumpers of the two vehicles, shouted something which Felder did not understand, and hit Felder as the latter was in the act of getting out of the car and before he had said a word. Goodson testified that he left his bus and went to get Felder's name and automobile license number, as it was his duty to do, that Felder refused to state his name, started reviling Goodson, got out of his car, laid his hand on Goodson's shoulder, and stopped him as Goodson was starting to the rear of the automobile to get its license number, and that he hit Felder "because," as Goodson put it, "of what he called me and laid his hands on me."

Under these circumstances, the transit company insists that as a matter of law Goodson was no longer acting within the

scope of his employment when he struck Felder. But this is not a tenable position.

■ There is little difference between the testimony of Felder and Goodson about most of the controlling facts. It is undisputed that Goodson, in keeping with his duties, went to Felder's car to get certain information, and while thus about his master's business and before he had finished his mission, committed the assault in question. This assault was so closely connected with the performance of Goodson's duties as to prevent the conclusion as a matter of law that when he struck Felder he had ceased to act as the company's agent and had begun to act upon his own responsibility. Under these facts, this case is distinguishable from the following decisions relied upon by the company, in each of which it was held as a matter of law that the servant was not acting in furtherance of the master's business: Galveston, H. & S. A. Ry. Co. v. Currie, 100 Texas 136, 96 S. W. 1073, 10 L. R. A. (N. S.) 367; Home Telephone & Electric Co. v. Branton (Texas Civ. App.) 7 S. W. (2d) 627, aff. (Texas Com. App.) 23 S. W. (2d) 294; National Life & Accident Ins. Co. v. Ringo (Texas Civ. App.) 137 S. W. (2d) 828, error refused.

The applicable rule in the situation here is well stated in Gulf, C. & S. F. Ry. Co. v. Cobb (Texas Civ. App.) 45 S. W. (2d) 323, 325, error dismissed, as follows:

"In practically all jurisdictions, the law is now settled that a master is liable for the willful and malicious acts of his servant when done within the scope of his employment. Such acts are imputable to the master, under the doctrine of respondeat superior, and in accordance with the general principles that the master is liable for any act of the servant done within the scope of his employment, as well as for any act of the servant which, if isolated would not be imputable to the master, but which is so connected with and immediately grows out of another act of the servant imputable to the master, that both acts are treated as being one indivisible tort, which, for the purposes of the master's liability, takes its color and quality from the earlier act."

See, also, Galveston, H. & S. A. Ry. Co. v. Zantzinger, 93 Texas 64, 53 S. W. 379, 47 L. R. A. 282, 77 Am. St. Rep. 829; Magnolia Petroleum Co. v. Guffey, 129 Texas 293, 102 S. W. 408; Chicago, R. I. & G. Ry. Co. v. Carter (Texas Com. App.) 261 S. W. 135; Cameron Compress Co. v. Kubecka (Texas Civ.

App.) 283 S. W. 285, error refused; Central Motor Co. v. Gallo (Texas Civ. App.) 94 S. W. (2d) 821.

In the Cobb case, as well as in the authorities generally, the law is said to be that if the servant commits an assault solely because of his resentment of an insult, the master will not be liable. Now Goodson testified in effect that he struck Felder because the latter was reviling him; but, on the contrary, Felder denied that he said anything at all before the blow was struck and that his only act was to start to get out of the car. Accordingly, what motivated Goodson in striking Felder was for the jury to appraise, and its finding that the assault was committed within the course of Goodson's employment encompasses the conclusion that it was not one committed solely out of resentment or bad feeling.

The company insists that Pratley v. Sherwin-Williams Co. (Texas Civ. App.) 56 S. W. (2d) 510 (no writ of error applied for), is exactly like the case at bar. That case announces the same general principles of law as are found in the foregoing authorities. There seems to be little difference in the cases as to what these principles are, but, as so often happens, the difficulty arises in applying them. We believe that the principles laid down in the Pratley case, when applied here, would result in a holding of liability, and that the Pratley case is distinguishable from this one on the facts. But, if as the company urges, the case cannot be distinguished, we must decline to regard the decision as authoritative.

Incidental to its position that the assault was not committed within the scope of Goodson's employment, the company contends that Felder's version of the occurrence, if taken as true conclusively establishes that Goodson's act was an unprovoked assault entirely disconnected with the business of his employer. A discussion of the holdings upon the question of the conclusive effect upon a party of his own testimony which is adverse to his case becomes unnecessary under the circumstances obtaining here. Whether Goodson was acting within the scope of his employment on the occasion in question depends in large measure upon why he went to Felder's car after the collision. This was something to which Felder could not testify, since it was peculiarly within Goodson's knowledge; and he testified positiveley that his purpose was to secure information for his employer. Goodson's testimony in this regard did not contradict but merely supplemented the facts to which Felder himself had testified, and the latter was entitled to appropriate this evidence

and the implications reasonably arising from it in making out his case.

The Court of Civil Appeals was warranted in its holding that the evidence raised a jury issue as to the company's liability.

■ The company next complains of the instructions to the jury on damages, and criticizes the following charge as subjecting the company to a double recovery and as being on the weight of the evidence:

"What sum of money, if any, if paid now in cash, do you find from a preponderance of the evidence would fairly and reasonably compensate plaintiff, Guy Felder, for his inuries, if any, directly and proximately caused by the act of B. F. Goodson, if any, taking into consideration the following elements of damage exclusively, and none other:

"1. Such physical pain and mental anguish, if any, as you may find from a preponderance of the evidence that the plaintiff, Guy Felder, has suffered, if any, from the date of the occurrence down to the date of this trial.

"2. The reasonable present cash value to the plaintiff of the loss of his teeth.

"3. Disfigurement, if any.

"Answer by stating the amount, if any, in dollars and cents."

Although the pleadings claimed other damages, the proof tended to show only mental and physical pain and suffering and bodily injuries consisting of scars on Felder's face and the loss of seven front teeth.

The proof of pain and suffering included a showing that Felder was rendered unconscious for fifteen or twenty minutes by Goodson's blow, and bled profusely; his teeth were loosened and his mouth was sore; he continued having headaches and a lack of "feeling" about the face down to the time of the trial,—afflictions he did not have before the assault.

As to the lost teeth, Felder testified he had seven extracted within fifteen days after the assault, and that these teeth had previously been "strong." Two of Felder's relatives testified that his teeth were "loose" immediately after the injury, and one of them testified further that she pulled one tooth on the following day. He testified that dentists pulled the others. As

to the scars on his face, there were two, one on his upper lip and one on his left cheek, which the jury could observe, scars which Felder testified he bore from the assault. The proof about damages came largely from Felder himself, but the evidence about the loss of teeth was corroborated by the two witnesses to the extent above stated.

Now analyzing the court's charge, it is to be noted that, first, the jury was limited to the assessment of such compensatory damages as were fair and reasonable. Upon elementary principles, this was right. Next, the damages were limited to those flowing directly and proximately from such injuries, if any, as may have been inflicted from Goodson's acts. It will be seen that the instructions were hedged about twice with the phrase "if any," so that the first paragraph of the charge, taken as a whole, certainly limited the jury strictly to a consideration of consequences of the injuries occasioned by Goodson's acts and none other.

The direction by the court of the jury's attention to elements of damages in issue as raised by the pleadings and the proof has been an accepted practice in Texas from an early day. Gulf, C. & S. F. Ry. Co. v. Styron, 66 Texas 421, 1 S. W. 161. The elements of damage in the present case were narrowed by the proof to mental and physical pain and suffering, to the loss of teeth, and to disfigurement. The court's charge assisted the jury by narrowing its deliberations to these evidence-raised elements. There was no error in that action.

The jury had in effect been limited, as has been observed, to damages flowing from the acts of the company's agent and none other. Accordingly, the part of the charge allowing the jury to consider the "reasonable present cash value of the plaintiff of the loss of his teeth" must be construed in the light of the limitation previously given by the court. Certainly no juror would have had any reason to consider himself at liberty under this charge to assess damages for any loss not directly connected with the assault in question. And the omission of the phrase "if any" after this particular instruction, words which of course might have been appropriately added, does not, under the circumstances obtaining here, require the conclusion that the charge is on the weight of the evidence.

As to the disfigurement, that element is a recoverable one. Southwestern Bell Tel. Co. v. Ferris (Texas Civ. App.) 89 S. W. (2d) 229, error dismissed.

There was no such overlapping or blending of separate ele-

ments of damages in this charge as would reasonably be calculated to confuse the jury or lead it to assess damages twice for the same loss. The court's charge and the jury's consideration of it must be appraised in the light of ordinary reason and everyday experience. Distinctions which are too fine are apt to lead to needless perplexities and purely legalistic results. This charge does not, when tested by reason and the precedents, subject the company to any liability not compensable at law. We conclude that none of the grounds upon which the company criticizes the charge is reasonably calculated to have injuriously affected its substantial rights. Rule 434, Texas Rules of Civil Procedure; American Nat. Bank of Austin v. Sheppard (Texas Civ. App.) 175 S. W. (2d) 626, error refused want of merit.

The case of International-Great Northern Ry. Co. v. King (Texas Com. App.) 41 S. W. (2d) 234, is chiefly relied upon by the company for its insistence that there was error in this instruction. Besides charging that damages could be allowed for physical pain and mental anguish, the court in the King case instructed the jury it could also take into consideration many elements, including "bodily injury," "bodily inconvenience," and decreased earning capacity, present and future. Five separate elements were tabulated in the charge, some overlapping others, and the jury was instructed to and did assess damages separately for each of the five elements. It was held that the instruction as a whole was confusing and misleading, and permitted the recovery of double damages. The case at bar is clearly different from and does not run counter to that case and the authorities it cites and follows.

The Court of Civil Appeals correctly held that the objections urged to the charge presented no reversible error.

The judgment of the Court of Civil Appeals is affirmed.

Opinion delivered February 4, 1948.

Rehearing overruled March 17, 1948.