**McADAMS et al. v. BAIN.**

No. 12281.

Court of Civil Appeals of Texas. Galveston.

June 28, 1951.

Rehearing Denied July 19, 1951.

Kemper, Wilson & Schmidt, George L. Schmidt, Burns & Grumbles and Harry H. Burns, all of Houston, for appellant.

Dyess & Dyess and A. D. Dyess, all of Houston, for appellee.

CODY, Justice.

This is an appeal from a judgment rendered in response to defendant's motion for a directed verdict. The motion did not specify any grounds, but neither plaintiffs nor the intervening plaintiff objected to the motion because of that omission.

The suit was brought by the widow of the deceased in her own behalf, and as the administratrix of the estate of the deceased, and as the next friend of the six minors who were the issue of her marriage with deceased, to recover damages for the death of the deceased, which plaintiff alleged occurred on March 5, 1945, as the result of a collision on April 24, 1944, between a bread truck, in which deceased was riding, and a furniture delivery truck, belonging to defendant, which collision happened, plaintiffs alleged, at the intersection of Jack Street and West Alabama Street in the City of Houston, and was proximately caused by certain alleged acts of negligence for which defendant was alleged to be legally liable. The Liberty Mutual Insurance Company, a compensation insurance company, intervened, seeking recoupment of compensation benefits

paid to deceased. Defendant's answer consisted merely of a general denial.

Plaintiffs and intervenor predicate their appeal upon a single point, complaining "The trial court erred in peremptorily instructing a verdict in favor of defendant."

In view of the directed verdict, all of plaintiffs' evidence must be presumed true, and it must be given the most liberal construction in favor of plaintiffs which it will reasonably bear, including the benefit of all reasonable inferences therefrom, and excluding from consideration all evidence contradicting plaintiffs' evidence. Felder v. Houston Transit Co., Tex.Civ.App., 203 S.W.2d 831, affirmed 146 Tex. 428, 208 S.W.2d 880. The substance of the controlling evidence will accordingly be so stated to test whether it sufficiently supported any issues of actionable negligence made by the allegations of plaintiffs' petition, to make a case for the jury.

West Alabama is among the more heavily traveled streets of Houston, for traffic moving east and west; it is 36 feet wide. Jack Street is 32 feet wide; runs north and south, and opens into West Alabama, but does not cross it. In other words, West Alabama forms the northern terminus of Jack Street. Where the two streets meet there are no traffic control signals, or stop signs. The vehicle in which the deceased was riding was a bread truck belonging to the National Biscuit Company, and which was being driven north on Jack Street by a Mrs. Willie Steed. The immediate destination of the bread truck was a grocery store which was located on the north side of West Alabama, where it would have blocked Jack Street, had the street been attempted to be prolonged so as to cross West Alabama. Mrs. Steed testified for plaintiffs, in substance:

That when she came to the intersection, she slowed down to ten miles an hour and looked to her right (when she was three or four feet from the intersection as marked by the curb line), and saw the defendant's truck approaching about half a block away, going west on West Alabama. Said truck was not moving fast. She then looked to her left, and no traffic was approaching from the west. She shifted gears into intermediate, started up and pulled across West Alabama intending to park in the parking plot which had been provided for customers in front of the grocery store intending to make a delivery, without again looking to her right, unless, possibly, just before the collision.

Mrs. Steed further testified that she was not halfway across West Alabama when the collision occurred; that the right rear of the vehicle she was driving was struck. She later testified that the furniture truck was traveling in its proper traffic lane on the north side or half of West Alabama when she came to West Alabama, and that she only noticed that it was driving down the street; that thereafter she only looked straight ahead at the parking plot, where she intended to park, and that she was doing this when the collision occurred; that she couldn't say if she had traversed the south half of West Alabama when the collision occurred; that the driver of defendant's truck did not sound his horn; that she did not hear the noise of said truck's brakes being applied, nor other noise of any kind prior to the collision.

A Mrs. Atcheson, a witness of plaintiffs, testified that just prior to the collision she was standing in front of the grocery store and saw the bread truck approaching from Jack Street. She did not notice defendant's truck approaching on West Alabama until she saw the expression on the face of Mrs. Steed, just before the collision. Her evidence added nothing material to what Mrs. Steed had testified.

The driver of defendant's truck was also called as a witness by plaintiffs. At the time of the trial he had not been in the employment of defendant for some six years. He testified to having a helper on the truck with him at the time of the collision; that he was driving 18 to 20 miles an hour as he approached the intersection. The substance of the remainder of his testimony was that he saw the bread truck before it entered West Alabama; that he judged its speed was 15 miles per hour when he saw it; that it slowed down as it was coming out of Jack Street, but that

after it slowed down it just shot across in front of him; that he had thought the bread truck would turn east on West Alabama until it shot in front of him; that he then promptly applied his brakes, but could not avoid the collision; that his brakes had been recently adjusted, and were in good condition; that the injured condition in which they were found after the collision resulted from the collision; that just as he applied the brakes, the collision occurred and there wasn't time for them to catch. As indicated, said witness had not been in the employ of defendant for six years. He was plaintiffs' witness, and they vouched for his credibility. See Dollahite-Levy Co. v. Phillips, Tex.Civ. App., 99 S.W.2d 688 (writ dismissed).

The City Detective, who had been called to the scene of the collision when it occurred, was called as a witness by plaintiffs. He testified that there were no skid marks shown on the pavement; that he could determine the point on West Alabama where the impact between the trucks had occurred; that it had occurred 24 feet from the south curb of West Alabama, which was there 36 feet wide and 7 feet east of the prolongation of the west curb line of Jack Street.

The evidence was insufficient to make out a case to go to the jury on plaintiffs' allegations (1) of any negligent failure of defendant's driver to keep a proper lookout, (2) of any negligent failure of defendant's driver to keep his truck under proper control, (3) or that defendant negligently permitted his truck to be operated with defective brakes; the testimony of plaintiffs' own witness showed the brakes were not defective.

There was evidence that the deceased was suffering from an acute heart condition at the time of the collision. Under the evidence in this case, considered in the light of the authority of Bowles v. Bourdon, 148 Tex. 1, 219 S.W.2d 779, wherein the Supreme Court affirmed this Court's holding in the case, plaintiffs failed to make out any case to go to the jury on whether the deceased's death resulted in any degree from the accident, and failed to make out any case on the approximate damages resulting from pain and suffering from the accident, and that from the heart condition. So, even had plaintiffs' evidence been sufficient to go to the jury on actionable damages on defendant's part, proximately causing the collision, the evidence was insufficient to establish that the collision proximately caused the deceased's pain, suffering or death.

The judgment is affirmed.