## MARTIN v. TEXAS & N. O. R. CO.

### No. 12577.

Court of Civil Appeals of Texas.

Galveston.

March 18, 1954.

Rehearing Refused May 6, 1954.

Eugene N. Catlett, and Burris, Benton, Baker & Zwiener, Houston, for appellant.

John F. Heard, Atty., and George Jewell Jr., and Baker, Botts, Andrews & Shepherd, Houston, of counsel, for appellee.

GRAVES, Justice.

This appeal is from a judgment of the 125th District Court of Harris County refusing to grant this appellant's motion for a judgment there in his favor, and instead, granting a judgment in favor of this appellee, notwithstanding the jury's verdict there on 25 special issues in appellant's favor, on its docket in Cause No. B–376–833, where appellant was plaintiff and appellee was defendant.

The appellee here as such defendant below had moved for such a judgment there in its favor on a large number of different grounds, which it is deemed unnecessary to particularize since the court in its order recited that its judgment for the appellee, notwithstanding such detailed verdict in favor of the appellant, was granted, "on all of the grounds in said motion."

This Court concludes that the trial court erred, in that, under the pleadings and supporting testimony, there were material issues of fact raised for the jury in support of appellant's declared-upon causes of action: the first for personal injuries under the Texas Employers' Liability Act, Vernon's Ann.Civ.St. art. 8306 et seq.; the second, to cancel for fraud the release of settlement executed, dated October 29, 1945, and restore plaintiff to a status where he

**582**

could pursue his cause of action for personal injuries, and damages; and the third alleged an oral agreement, entered into as part of the consideration of the release in question, whereby appellee became obligated to appellant to furnish him lifetime employment, without reduction in salary, and that appellee had broken and breached the same, and sought damages for such breach in the sum of $49,410.80.

At the outset it is deemed unnecessary to go into the extended field ranged over by the controversy prior to its termination by the court's judgment non obstante veredicto; it had, in the issues so submitted to the jury, literally cross-examined that body on all the phases of the controversy as to what had been done by and what had occurred between the parties, on the facts, the most persistent controversy between them concerning it being over whether or not the appellee had become obligated to appellant to furnish him lifetime employment, etc., and whether the appellee had breached that undertaking, the contest getting down to whether or not the employees of appellee, the appellant claimed to have had his agreements with, had authority, express or implied, from the corporation to such extent as to make it responsible for the agreement the appellant contended had been made between them.

■ As indicated, the jury's verdict determined all of these detailed issues in the appellant's favor. So that, for purposes of this opinion, it is determined (1) that as summarized above, the appellant's declaration of an obligation upon appellee's part to furnish him lifetime employment without reduction in salary, etc., stated a good cause of action under the law in Texas. General Paint Corporation v. Kramer, 10 Cir., 57 F.2d 698; Louisville & Nashville. R. R. Co. v. Cox, 145 Ky. 667, 141 S.W. 389, especially paragraph (3), page 391; F. S. Royster Guano Co. v. Hall, 4 Cir., 68 F.2d 533, especially page 536. (2) That in a situation of this kind the trial court was in duty bound to presume to be true the evidence which was favorable to the appellant against whom the judgment non obstante veredicto was given, and to

place upon that testimony the most liberal construction it would bear; this Court so declared the law in Felder v. Houston Transit Co., 203 S.W.2d 831, affirmed by the Supreme Court, in 146 Tex. 428, 208 S.W.2d 880

■■ Finally, under Rules 277 and 279, Texas Rules of Civil Procedure, the trial court is required to submit controlling issues of fact to the jury, but it must submit them all, and, as this appellee points out in its cross-assignment of error No. 1, in its brief, the question of Conring's authority to make the contract the appellant declared upon with him was not established as a matter of law, it became one of fact which the trial court should have submitted to the jury; wherefore, appellee's cross-point 1 of its cross-assignments of error, is sustained.

These conclusions require reversal of the trial court's judgment, and remanding of the cause for another trial.

Reversed and remanded.

Chief Justice Hamblen not sitting.