**Claude Pat DART, Appellant,**

v.

**YELLOW CAB, INC., Appellee.**

**No. 7612.**

Court of Civil Appeals of Texas.

Amarillo.

May 9, 1966.

Rehearing Denied June 6, 1966.

William J. Gillespie, Lubbock, Jack Mc-Clendon, Lubbock, of counsel, for appellant.

Crenshaw, Dupree & Milam, Lubbock, J. Orville Smith, Lubbock, of counsel, for appellee.

DENTON, Chief Justice.

This suit was instituted by Claude Pat Dart against Yellow Cab, Inc., seeking to recover damages for personal injuries alleged to have been received by him as a result of an assault and battery committed upon him by Frank M. Lester, a cab driver for the defendant company. Lester was not made a party defendant. Plaintiff's contention of liability against the cab company is based upon *Respondeat Superior.*

The trial was to a jury. The jury found: (1) that Lester, in committing an assault and battery upon Dart, was acting within the scope of his employment with the cab company; (2) that Lester was not authorized to use force to any extent in the performance of his duties as a cab driver for the company; (3) that when Lester struck Dart with a flashlight, he did so to gratify personal animosity and not in the performance of any act in furtherance of the business of his employer; (4) that Dart was damaged in the amount of $10,000.00; (5 and 6) that Dart was entitled to exemplary damages, but no exemplary damages were awarded. The trial court entered judgment for the Yellow Cab Company on the ground there was no evidence to support the jury finding Lester was acting within the scope of his employment when he committed the assault; and that under the findings in response to Special Issues 2 and 3 judgment should be rendered for the defendant cab company.

In the early morning hours of April 5, 1964 Dart was a passenger in one of defendant's cabs being driven by Lester. Testimony differs as to what occurred before Dart got into the cab. Lester testified Dart told him he had no money but would get the fare when they reached his home. Dart contends he informed Lester he had only $1.50 and that Lester said he thought that would be sufficient. In any event, Dart got into the cab and they proceeded to his home. Difficulties between them arose. Dart admitted he tried to tell Lester the route to take, apparently in an effort to take the shortest route and minimize the fare clocked on the cab's meter. Lester testified his passenger attempted to tell him "what street to go on and how to drive that taxicab". Lester described Dart as being "drunk", "disagreeable"; that he "rode bad" that he "wanted to fight" and that he asked Lester "if he was tough". There is no evidence they had known each other prior to this occasion. Lester testified Dart's conduct and condition caused him to be "a little bit disturbed" and "I don't like a drunk, period". When they reached Dart's home, Lester's testimony was that Dart told him to stay in the cab and he (Dart) would go into the house and get the money. Lester testified he replied: "No, you're going to pay me, fellow, you said you would. You owe me two dollars and a nickel". Lester then followed Dart into his home. After the two were in the house, Dart apparently had no further conversation with Lester. Dart's wife awoke when the car drove up and told them she had only a check and no cash and that she would come down and pay the fare the following morning. Lester replied, "Lady, you don't actually owe me any money, this fellow here owes me the money". He then described Dart as "looking kinda mean at me". He then assaulted Dart about the head with a flashlight and left the scene. Lester testified "I had a feeling of hostility toward him" and "I lost my temper". The fare was paid to the company the next day.

The principal question is whether or not there is any evidence Lester was acting within the scope of his employment with Yellow Cab Company when he assaulted Dart. The latest expression by the Supreme Court on this question is Smith v.

M System Food Stores, 156 Tex. 484, 297 S.W.2d 112 (1957). In a suit against a store operator for assault and battery and unlawful arrest by the store employee, the court held:

"To be within the scope of employment 'the conduct must be of the same general nature as that authorized or incidental to the conduct authorized.' Restatement of the Law of Agency, Sec. 229. In Home Telephone & Electric Co. v. Branton, Tex.Civ.App., 7 S.W.2d 627–629, in an opinion by our present Chief Justice, then on the Court of Civil Appeals, the rule was said to be that: '* * * where the act of the servant is not in the furtherance of the master's business, or for the accomplishment of the object for which he was employed, but is performed as a resentment of insults, or in the furtherance of personal animosities of the servant, the master is not liable.' See also A.B.C. Stores v. Brown, Tex.Civ.App., 105 S.W.2d 725 (no writ history); J. J. Newberry Co. v. Judd, 259 Ky. 309, 82 S.W.2d 359; Texas & Pac. Ry. Co. v. Hagenloh, 151 Tex. 191, 247 S.W.2d 236; Joske v. Irvine, 91 Tex. 574, 44 S.W. 1059."

Another Supreme Court case, Texas & P. Ry. Co. v. Hagenloh, 151 Tex. 191, 247 S.W.2d 236 (1952) is also controlling. In *Hagenloh,* the railroad's special agent assaulted a fellow employee whom he suspected of theft. In holding the railroad company was not liable for the assault by its special agent, the court said:

"In this case the evidence is that Houghland was a special agent of petitioner, whose duties were to protect petitioner's property, investigate trespasses, claims for damages, and for missing baggage or other property and undertake to find missing property. In his acts in relation to respondent Houghland was not engaged in protecting the railway company's property from trespass or otherwise. He was investigating for the purpose of finding property missing from

baggage. *His duties in that respect were not of such nature as to involve the use of force, and there is no evidence in the record tending to prove that he was authorized to use force in the performance of those duties. And so it seems that in this respect respondent failed to prove a fact essential to recovery by him against petitioner."* (Emphasis added.)

The court, in addition to laying down the so-called "rule of force", held that where an employee, in making the assault, is actuated by personal animosity, it cannot be said such employee was acting within the scope of his employment. In support of this holding, the court cited, among others, Home Telephone & Electric Co. v. Branton (Tex. Civ.App.) 7 S.W.2d 627. Affirmed 23 S.W.2d 294. (Tex.Comm.App.). This latter case was also quoted with approval in Smith v. M System Food Stores (supra).

Appellant relies rather heavily upon Houston Transit Company v. Felder, 146 Tex. 428, 208 S.W.2d 880 and H. T. Cab Company v. Ginns (Tex.Civ.App.) 280 S.W.2d 360 (Writ Ref. N.R.E.). These same two cases were relied upon by the plaintiff in McCord v. Southern Distributing Company (Tex.Civ.App.) 356 S.W.2d 350. We disagree with appellant's contention that these two cases are controlling for the reasons stated in the *McCord* case. We note the H. T. Cab Company case did not cite a single authority for its holding the cab driver was acting in the course and scope of his employment when he used force in undertaking to collect a fare from a passenger. The majority opinion in the *Hagenloh* case distinguished that case from the *Houston Transit Company* case and the opinion in Smith v. M System did not cite the *Houston Transit* case in support of its decision. In addition, in the *Houston Transit* case, the jury was not called upon to determine whether or not the assault was committed out of resentment or bad feeling. This issue was squarely put to the jury in the instant case. The *Houston Transit* case is authority for holding whether the assault was committed out of resentment or

bad feeling was a question of fact for the jury and the trial court here followed that holding in the instant case.

█ It is undisputed that neither Lester nor any cab driver of the defendant company was authorized to use force to collect fares. One of defendant's owners testified his drivers had been specifically instructed never to use force, but if a passenger refused to pay his fare the drivers were to take the passenger to the police station for assistance. There can be no doubt animosity between Lester and Dart arose during the cab ride. The testimony cited clearly shows this. The fact that prior animosity provoked the assault is clear. Lester's duties pertaining to operating the taxicab and collecting fares are not of a nature that involve the use of force. Obviously, the use of force is directly contrary to the successful operation of such a business. As Lester testified, "Well, you don't collect a fare by beating men up". He further stated, "That wasn't what I hit the man for, on account of the money. I hit him because I was high-tempered and he had me a little bit shook up". On another occasion he testified, "I lost my temper, is how come me to hit that man". The assault committed by Lester was a clear departure, for the time, from the service of the defendant to engage in an act of violence in his own behalf motivated by his own resentment and animosity toward Dart. Humbert v. Adams (Tex.Civ.App.) 390 S.W.2d 857 (Ref. N.R.E.). Jax Beer Co. v. Tucker (Tex.Civ.App.) 146 S.W.2d 436 (Dis. Judgment correct). Even though one of his duties was to collect fares, the assault was not a part of this authorized duty. In committing the assault, Lester was not carrying out his employer's business. The assault was the act of the employee and cannot be said to be the act of his employer.

Under such circumstances, the employer cannot be charged with the responsibility of the assault. There was no evidence to support the jury finding that Lester was acting within the scope of his employment when he committed the assault upon the appellant.

█ Appellant also contends it was error to submit Special Issues 2 and 3, relating to authorization to use force and personal animosity of Lester. He urges these issues are not ultimate issues and are but a shade or phase of the scope of employment issue submitted in special issue No. 1. The use of force and actions growing out of personal animosity are, when pleaded and proved, fact issues in determining whether an employee acted within the scope or course of his employment. Texas & P. Ry. Co. v. Hagenloh (Supra). Houston Transit Company v. Felder (Supra). These two issues submitted defensive matters pleaded by the defendant. Appellant makes no contention these issues are not supported by the evidence. The ultimate question in a case of assault by an employee is whether the employer should be held responsible for the consequences of the assault. As we have held, the employer is not responsible where force is not authorized or the assault is motivated by personal animosity. The two special issues complained of properly submitted these defensive issues. Where there is no evidence to support the finding of special issue No. 1 in regard to scope of employment, as was so held, there is no conflict in the jury findings. Under this record the trial court properly disregarded the finding to Special Issue No. 1 and entered judgment on the findings to special issues 2 and 3. Schiller v. Rice, 151 Tex. 116, 246 S.W.2d 607.

The judgment of the trial court is affirmed.