SCHWARTZ, Chief Judge
(specially concurring).
While I regard the issue as very close, I concur in reversal on the ground assigned by the court: that a jury could find that Sosa’s negligence in hurling the burning oil served the interest of his employer by preventing damage to his property and was thus itself within the scope of his employment. I believe, however, that the decision should also be based upon an additional ground which I think is actually stronger. 30 C.J.S. Employer-Employee § 221 (1992) states:
Where ... the act complained of is not so separated by time and logical sequence from the business of the master as to make it a separate and independent transaction, the master is not relieved of liability.... [A]n employee while at work for his employer may do those things which are necessary to his own health and comfort, even though they are personal to himself, and such acts will be considered incidental to his employment, (e.s.)
As reflected by several similar cases which so hold, I believe this rule directly applies to Sosa’s conduct, even if it is separately viewed as serving only his own interest in self-preservation. See Adams v. American President Lines, 23 Cal.2d 681, 146 P.2d 1 (1944) (where seaman required to sleep or otherwise remain on vessel, necessary incidents of life such as eating are within scope of employment); Interstate Co. v. McDaniel, 178 Miss. 276, 173 So. 165 (1937) (where injurious act of employee in assaulting a customer consumes only a few moments and constitutes one continuous occurrence employer is not relieved of liability because employee stepped outside of authority); Brunk v. Hamilton-Brown Shoe Co., 334 Mo. 517, 528, 66 S.W.2d 903, 907 (1933) (“Cessation of work for eating, drinking, and other like necessities ... does not sever [the employee’s] relation from his work .... ”); see also Schaeffer v. Duvall, 421 So.2d 262, 265 (La.App.1982) (“If the [employee’s] conduct is closely related in time, place and causation to his employment duties, the resultant harm is attributable to the employer’s business .... ”), writ denied, 427 So.2d 1209 (La.1983). See generally Martin v. Cavalier Hotel Corp., 48 F.3d 1343 (4th Cir.1995), and cases and authorities cited.