United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 17, 2007**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 06-10654

MARILYN SHIRLEY and RAYMOND DOUGLAS SHIRLEY,

Plaintiff-Appellant,

VERSUS

UNITED STATES OF AMERICA,

Defendant-Appellee.

Appeal from the United States District Court
For the Northern District of Texas
4:03-CV-1385

Before KING, DAVIS and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Appellant-Plaintiff Marilyn Shirley ("Shirley") appeals the district court's order granting summary judgment in favor of the Defendant-Appellee the United States of America on her claims brought under the Federal Tort Claims Act ("FTCA"). For the

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

-1-

reasons that follow, we AFFIRM.

In January 1998, Plaintiff Marilyn Shirley ("Shirley") entered the federal prison at Federal Medical Center Carswell ("FMCC"), a relaxed supervision facility located in Fort Worth, Texas, to begin serving a 37-month sentence on a drug conviction. On March 11, 2000, Officer Michael Lawrence Miller, a correctional officer at FMCC, sexually assaulted Shirley.

In November 2003, after successfully pursuing a civil action against Miller, Shirley sued the United States under 28 U.S.C. § 1346(b) of the FTCA. She asserted claims under the theory of respondeat superior for intentional infliction of emotional distress, battery, assault, false imprisonment, negligence per se, and negligence. The government moved for summary judgment on all of Shirley's claims, arguing that the FTCA's waiver of sovereign immunity did not apply because Miller was not acting within the scope of his employment during the sexual assault. The district court agreed and granted the government's motion. Shirley lodges this appeal.

As the sovereign, the United States is immune from suit unless, and only to the extent that, it has consented to be sued.[1] Through the enactment of the FTCA, the government has generally waived its sovereign immunity from tort liability for the negligent or wrongful acts or omissions of its agents and employees who act

---

[1] FDIC v. Meyers, 510 U.S. 471, 475-76 (1994).

within the scope of their employment "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."[2]  Under Texas law, an employee acts within the scope of his employment if his actions are: (1) within the general authority given him; (2) in furtherance of the employer's business; and (3) for the accomplishment of the object for which the employee was employed.[3]  The district court concluded that Miller's actions were not within the scope of employment because the sexual assault did not advance the United States's work, as required by prongs (2) and (3), and instead constituted a wholly personal action.[4]

On appeal, Shirley argues that while the district court correctly articulated the general test for scope of employment in Texas, it failed to recognize and apply other Texas cases which have extended vicarious liability to an employer for an employee's actions despite a failure to fulfill all three prongs of the above test.  Shirley specifically seeks to avoid prongs (2) and (3), which require some business purpose be attributable to the acts

---

[2]28 U.S.C. § 1346(b)(1); Garcia v. United States, 62 F.3d 126, 127 (5th Cir. 1995) (en banc).

[3]Ross v. Marshall, 426 F.3d 745, 763-64 (5th Cir. 2005) (citing numerous Texas cases).

[4]See Mackey v. U.P. Enters. Inc., 935 S.W.2d 446, 453 (Tex. App.-Tyler 1996, no writ) (explaining that, under Texas law, where an employee turns away from the advancement of the employer's work to engage in wholly personal actions, he ceases to act for the employer, and the responsibility for those personal actions is upon him alone).

surrounding or leading to the wrongful conduct. However, the cases discussed by Shirley fail to support this argument because they involved instances where the employee's act was closely related to a legitimate employment goal or duty.[5] Shirley fails to allege that a similar legitimate employment interest animated Miller's sexual assault in the instant case.

We similarly reject Shirley's arguments based on foreseeability and apparent authority. None of the cases relied upon are sufficiently analogous nor do they serve to excuse a plaintiff in this context from making a showing that an employee's wrongful act grew out of a legitimate employment duty or goal.[6]

Finally, we reject Shirley's argument that the government's successful criminal prosecution of Miller for abuse of a ward serves to estop the government from arguing that Miller was acting

---

[5]See Gulf, C. & S.F. Ry. Co. v. Cobb, 45 S.W.2d 323, 326 (Tex.Civ.App.–Austin 1931, writ dism'd w.o.j.) (employee's act would be imputed to the employer where the employee was acting to prevent his victim from interfering with the performance of the employee's assigned duties); Houston Transit Co. v. Felder, 208 S.W.2d 880, 882 (Tex. 1948) (evidence raised a jury issue as to the company's liability for an assault by its employee where employee testified that his purpose in approaching motorist was to secure information for his employer).

[6]Shirley relies on the following cases: Hooper v. Pitney Bowes, Inc., 895 S.W.2d 773, 777 (Tex.App.–Texarkana 1995, no writ) (explaining that the actions of an employee who is deemed to have acted within the scope of his employment are generally imputed to the employer but that an exception applies where the acts are unforeseeable); Borg-Warner Protective Services Corp. v. Flores, 955 S.W.2d 861 (Tex.App.–Corpus Christi 1997, no writ) (finding that supervisor's rape of a female subordinate would establish a constructive discharge).

-4-

outside the scope of his employment during the sexual assault.  A conviction under 18 U.S.C. § 2243(b) does not establish scope of employment under Texas law.

AFFIRMED.