## HOUSTON TRANSIT CO. v. McQUADE.
### No. 12102.

Court of Civil Appeals of Texas. Galveston.
July 28, 1949.

Rehearing Denied Sept. 29, 1949.

Wm. R. Brown, V. Curtiss Brown and Raymond L. McDermott, all of Houston, Baker, Botts, Andrews & Parish, Houston, of counsel, for appellant.

Cole, Patterson, Cole & McDaniel, Houston, Richard R. Cole and Joseph Kirchheimer, all of Houston, of counsel, for appellee.

CODY, Justice.

This is an appeal from a judgment for appellee for damages for personal injuries sustained when she was struck by an automobile, which was driven by an unknown person, after she had alighted from one of appellant's buses. Appellant operates a bus line for passengers in and about the City of Houston.

No question is here raised by either of the parties as to the sufficiency of the pleadings to support the special issues which the court submitted to the jury. The court considered the evidence sufficient to support the submission to the jury of the following special issues relating to primary negligence, i. e., negligence on the part of the bus driver, which, as answered by the jury, are:

(1) That the driver of the bus discharged appellee into the intersection of Maltby Street and Navigation Boulevard, north of the south curb or street line of Navigation Boulevard. (2) That this was negligence; (3), and a proximate cause of appellee's injuries. (4) That the bus driver failed to warn appellee that she was being discharged into said intersection, as aforesaid; and, (5) that this was negligence, and (6) a proximate cause.

The court further considered the evidence sufficient, at least when he submitted the case to the jury, to support the submission of special issues on the contributory negligence of appellee, pled by appellant, which said special issues, as answered by the jury, are:

(7) That at the time appellee alighted from the bus she did not know the place

she was alighting. (8) (Unanswered), (9) (Unanswered), (10) That at the time appellee alighted from the bus, she failed to keep such a lookout as to where she was alighting as a person of ordinary prudence, in the exercise of ordinary care, would have kept under the same or similar circumstances, (11), That such failure was a proximate cause. (12) That at the time and on the occasion in question, appellee did not fail to keep such a lookout for vehicular traffic at said intersection as would have been kept by an ordinarily reasonable and prudent person under the same or similar circumstances.

In passing it should be stated that appellant moved for a directed verdict at the end of appellee's evidence, and again at the end of all the evidence. Also, both parties seasonably excepted and objected to the sufficiency of the evidence to authorize the submission of the special issues,—the appellant objecting to the submission of the special issues on primary, and appellee objecting to the submission of the special issues on contributory, negligence.

Upon the coming in of the verdict, appellant moved for judgment "under the pleadings, the evidence and the verdict of the jury * * *". Appellee moved the court to disregard the answer to special issues Nos. 10 and 11, and render judgment for appellee upon the remaining answers of the jury. The court denied appellant's, and granted appellee's motion.

Appellant's first three points predicate error upon the court's action in not rendering judgment upon the jury's answers to special issues Nos. 10 and 11. Appellee's first counter point answers such contention and reads: "The trial court erroneously submitted special issues Nos. 10 and 11, and correctly disregarded the answers of the jury to those issues in rendering judgment on the verdict for the appellee."

■ Insofar as appellant relied on the negligence of appellee as a defense, it had the burden to plead and prove contributory negligence. Gulf, C. & S. F. R. Co. v. Shieder, 88 Tex. 152, 30 S.W. 902, 28 L.R.A. 538. In Texas, contributory negligence is an affirmative defense, and of the doctrine of contributory negligence as a defense Chief Justice Phillips said in St. Louis Southwestern R. Co. v. Arey, 107 Tex. 366, 369, 179 S.W. 860, 861, L.R.A. 1916B, 1065: "It is founded, as has been said, on the mutuality of the wrong, the impolicy of allowing a party to recover for his own wrong, and the policy of making the personal interests of men dependent upon their own prudence and care." The term contributory negligence carries with it the connotation that the defendant has been guilty of primary negligence which was a proximate cause of the injuries to plaintiff. In International & G. N. R. Co. v. Edwards, 100 Tex. 22, 24, 93 S.W. 106, the court said of a plaintiff who was injured at a railroad crossing: "He relies alone upon the fact, which the evidence is sufficient to prove, that the whistle was not blown nor the bell rung as required by the statute, claiming that he was listening for those signals, and, because he did not hear them, did not look for the train nor pay attention to the noise it made." But the court held that the plaintiff could not excuse his failure to exercise ordinary care for his own safety by claiming that he was not bound to look out for himself until the statutory signals had been given. Said the court: "His claim cannot be admitted without denying the rule which exacted the duty of due care on his part, a duty as binding on him as was the duty of giving signals binding on the defendant." Thus, contributory negligence which is a proximate cause, disqualifies or estops a plaintiff from recovering for injuries of which the negligence of a defendant were also a proximate cause, absent an intention on defendant's part to inflict such injuries.

■ By law bus carriers "are under the duty to discharge their passengers into a (reasonably) safe place and when so discharged the relationship is terminated and if discharged in an unsafe place, the relationship is terminated when the passenger, in the exercise of ordinary care for his own safety, has had a reasonable opportunity to reach a place of safety." Texas, N. M. & Okl. Coaches v. Williams, Tex. Civ.App., 191 S.W.2d 66, 68; Houston Transit Company v. Zimmerman, Tex.Civ.

App., 200 S.W.2d 848, 851. If the appellee here was discharged in an unsafe place, appellant breached its duty. to appellee, and if this was a proximate cause, appellant ought to be held liable unless appellee was guilty of contributory negligence, which was a proximate cause. Appellee, of course, had the right to rely on the bus driver performing his duty. But appellee's duty to exercise due care for her own safety was binding on her, and if she failed so to do, and if such failure was a proximate cause, she was guilty of contributory negligence which defeats her right to recover. The question with respect to whether appellee was guilty of contributory negligence must here be determined, not with respect to substantive law, because there is no question but that appellee was bound to exercise due care for her own safety; and for present purposes we must assume that appellant's bus driver negligently stopped at an unsafe place to discharge appellee from his bus. The question is whether appellee was guilty of contributory negligence, as found by the jury. As was said by this court in Felder v. Houston Transit Co., Tex.Civ.App., 203 S.W.2d 831, 832, affirmed, Houston Transit Co. v. Felder, 146 Tex. 428, 208 S.W.2d 880:

"Under Rule 301, Texas Rules of Civil Procedure, the cause having been tried before a jury, which had so returned its verdict therein, answering the only fact-issues held by the trial court to have been raised by the pleadings and evidence for both sides, in favor of appellant's contentions, the trial court could only render a judgment contrary thereto, 'if a directed verdict would have been proper.' * * *

"The court must presume to be true the evidence * * * which was favorable to the party against whom the verdict was instructed; it must also place upon the testimony favorable to him the most liberal construction in his favor that the evidence would reasonably bear, giving him the benefit of all reasonable inferences arising therefrom. Indeed, all evidence contradictory to that favorable to the losing party, under an instructed verdict, should be disregarded."

Considered then as it must be considered, the evidence bearing on spcial issues 10 and 11 was as follows:

That on the night of November 26, 1943, appellee, a widow, then 52 years of age, boarded the bus in downtown Houston for the purpose of being transported to the corner of Maltby Street and Navigation Boulevard on the east side of Houston. In order that the evidence may be understood, we insert a rough sketch indicating the lay of the land at the intersection of Maltby Street and Navigation Boulevard, and showing also the intersections of Wayside Drive, 69th Street, and 70th Street, with Navigation Boulevard, as follows:

It was about 10:30 when appellee approached her desired destination. It was foggy. Appellee was seated on the bus facing the front. When the bus crossed Wayside Drive, appellee looked for 69th Street, and when 69th Street was crossed, she rang the buzzer, and the bus stopped,

and appellee walked to the bus door. She testified the bus door was open "* * * I stepped off on to what I thought would be the curbing, but I just stepped out of the bus." The street light at said intersection was burning. The bus driver's testimony was that he offered to take her around the "loop" so that she would not have to cross Navigation Boulevard, but that she said she was in a hurry and declined. A witness who was waiting on the other side of Navigation Boulevard, at the corner of 70th Street, saw appellee alight. This witness testified that the bus was three blocks away when she heard the impact of the automobile which struck appellee. A witness who resided on the southside of Navigation Boulevard across from 70th Street opened the front door of her automobile which struck appellee, and house after she heard the impact of the could see her lying a few feet from the north curb of Navigation Boulevard. From the testimony of another witness for appellee it could be inferred that he could see appellee 150 feet away after she had been struck. The lights were on in the bus when appellee got off. She had lived on Navigation Boulevard, near where she got off for two years, and had been getting off of appellant's buses at said intersection for five years prior to the accident, for she had no automobile, and customarily used appellant's buses.

The question of whether appellee, at the time she alighted, failed to keep such a lookout as to where she was alighting as a person of ordinary prudence, in the exercise of ordinary care, would have kept under the same or similar circumstances, presents a different question from that which was presented by the other special issues which were submitted on contributory negligence. Actually, appellee was familiar with the intersection,—more so, no doubt, than the bus driver. It lies peculiarly within the province of the jury to say whether appellee exercised due care in keeping a proper lookout when she was alighting. The jury evidently believed that if she had exercised due care she would have known that she was alighting in the intersection, and that the failure to know this was a proximate cause. We cannot hold that, as a matter of law, had she exercised due care for her safety, she would not have discovered that she was alighting in a place of danger, and we cannot hold that, as a matter of law, this was not a proximate cause.

 We are constrained to hold that the court erred in disregarding the jury's answers to special issues 10 and 11. Since a finding by the jury, that a plaintiff was guilty of contributory negligence which was a proximate cause, which has support in the evidence, constitutes a defense, we must hold that the court should have rendered judgment that appellee take nothing. The judgment must be reversed, and here rendered for appellant.

Reversed and rendered.