

# THE ATTORNEY GENERAL
## OF TEXAS

JIM MATTOX
ATTORNEY GENERAL

July 19, 1990

Honorable Marcus D. Taylor
Criminal District Attorney
Wood County
P. O. Box 689
Quitman, Texas 75783

Opinion No. JM-1187

Re: Eligibility of a realtor to serve on the board of directors of an appraisal district (RQ-1880)

Dear Mr. Taylor:

You ask about the following situation involving a member of the board of directors of an appraisal district:

> The appraisal district signed an earnest money contract with an individual to purchase certain property to house the appraisal office. The realtor for the seller is a member of the appraisal district board of directors. That board member has abstained from all votes concerning this matter.

You ask whether the real estate transaction in question would contravene section 6.036 of the Tax Code,[1] the common law doctrine of incompatibility, or the common law rules relating to conflicts of interest.

The common law doctrine of incompatibility is inapplicable to the situation you describe since it applies to incompatibility of two or more public positions. See Attorney General Opinions JM-133, JM-129 (1984). The board member's work as a realtor is in a private capacity, not a public capacity.

Section 6.036 of the Tax Code governs conflicts of interest involving appraisal district board members. That

_____

1. Although your request letter refers to section 6.03 of the Tax Code, we assume you are asking about section 6.036 of the Tax Code, which deals with conflicts of interest.

section prohibits an appraisal district from entering into a contract with a member of the board of directors of an appraisal district. Whether the real estate transaction you describe violates section 6.036 depends on whether the board member himself has entered into a contractual relationship with the board. Your description of the transaction in question suggests that the board member has a contractual relationship only with the seller, not with the board. If that is the case, there is no violation of section 6.036. If, however, the board member acted as an agent for the board as well as the seller, the transaction would be in violation of section 6.036 and the board member's abstention would not cure the violation. See generally Janes v. CPR Corp., 623 S.W.2d 733, 740 (Tex. App. - Houston [1st Dist.] 1981, writ ref'd n.r.e.) (real estate commission is generally paid by seller, and broker is generally recognized as seller's agent); Phillips v. Campbell, 480 S.W.2d 250 (Tex. Civ. App. - Houston [14th Dist.], 1972 writ ref'd, n.r.e.) (broker may act for both buyer and seller with full knowledge and consent of both principals); Chamberlain v. North Cent. Inv. Corp., 432 S.W.2d 581 (Tex. Civ. App. - Amarillo 1968, writ ref'd n.r.e.) (dealing with relationship between vendor and members of multiple listing service).

Chapter 171 of the Local Government Code governs conflicts of interest involving local officials.[2] It makes it an offense for a local public official to participate in a vote or decision on a matter involving a business entity in which the local public official has a substantial interest if it is reasonably foreseeable that an action on the matter would confer an economic benefit to the business entity involved. Local Gov't Code § 171.003(a)(1). A board member of an appraisal district is a "local public official" for purposes of chapter 171. Id. § 171.001(1); Attorney General Opinion JM-1060 (1989). A person has a "substantial interest" in a business entity if he owns "10 percent or more of the voting stock or shares of the business entity" or owns either 10 percent or more or $5,000 or more of the

---

2. Chapter 171 preempts the common law of conflicts of interest as applied to local public officials. Local Gov't Code § 171.007(a); see also Attorney General Opinion JM-424 (1986). Also, a member of the board of an appraisal district must comply with both chapter 171 of the Local Government Code and section 6.036 of the Tax Code. See Tax Code § 6.036(f) (section 6.036 does not limit application of any other law).

or owns either 10 percent or more or $5,000 or more of the fair market value of the business entity or if "funds received by the person from the business entity exceed 10 percent of the person's gross income for the previous year." Local Gov't Code § 171.002(a)(1). You have not provided sufficient information for us to know whether the board member in question has a substantial interest in a business entity that is involved in a real estate transaction with the board.

If the board member does have such an interest, the board member must comply with section 171.004, which provides:

> (a) If a local public official has a substantial interest in a business entity or in real property, the official shall file, before a vote or decision on any matter involving the business entity or the real property, an affidavit stating the nature and extent of the interest and shall abstain from further participation in the matter if:
>
>> (1) in the case of a substantial interest in a business entity the action on the matter will have a special economic effect on the business entity that is distinguishable from the effect on the public; or
>>
>> (2) in the case of a substantial interest in real property, it is reasonably foreseeable that an action on the matter will have a special economic effect on the value of the property, distinguishable from its effect on the public.
>
> (b) The affidavit must be filed with the official record keeper of the governmental entity.
>
> (c) If a local public official is required to file and does file an affidavit under Subsection (a), the official is not required to abstain from further participation in the matter requiring the affidavit if a majority of the members of the governmental entity of which the official is a member is composed of persons who are likewise required to file and

who do file  affidavits of similar  interests
on the same official action.

See also id. §§ 171.006 (effect of violation), 171.005 (separate vote required on matter in which member of governing body has substantial interest).  We note that Attorney General Opinion JM-379 (1985) indicated that "participation" in a matter included deliberation with the board about the matter.

Because chapter 171 of the Local Government Code preempts the common law of conflicts of interest as applied to local public officials, we need not consider whether the common law would prohibit the transaction in question. Local Gov't Code § 171.007(a); see also Attorney General Opinion JM-424 (1986).

## S U M M A R Y

Whether chapter 171 of the Local Government Code or section 6.036 of the Tax Code prohibits a member of the board of directors of an appraisal district from acting as a real estate agent for a vendor who sells real property to the appraisal district depends on the facts of the specific transaction.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Sarah Woelk
Assistant Attorney General